# 07 CIV 8230

# JUDGE BUCHWALD

PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
*Attorneys for Respondent*
*New York Hotel and Motel Trades Council, AFL-CIO*

Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

~~BEST WESTERN CONVENTION CENTER,~~
522 W. 38th ST. NY LLC
          Petitioner,

   -against-

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO,

          Respondent.

------------------------------------------------X

Case No. 07-Civ-

NOTICE OF REMOVAL

RECEIVED SEP 21 2007 U.S.D.C. S.D. N.Y. CASHIERS

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
      COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Respondent NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO ("Union" or "Respondent"), by its attorneys, Pitta & Dreier LLP, respectfully seeks the removal of this civil action and shows:

1. Petitioner 522 W. 38th ST. NY LLC d/b/a BEST WESTERN CONVENTION CENTER (hereinafter referred to as the "Employer", "Hotel" or "Petitioner") brought this action in the New York State Supreme Court, County of New York, by the filing of a Notice of Petition, dated September 20, 2007, and an accompanying Petition to Vacate, dated September 20, 2007, (collectively the "Petition"), seeking to stay arbitration currently scheduled for September 26, 2007 ~~and to vacate a series of labor arbitration awards issued on April 10, 2007 (IC Award No. 2007-22), on August 8, 2007~~

(IC Award No. 2007-57) and on August 24, 2007 (IC Award No. 2007-20CC and collectively, the "Awards"). A true and accurate copy of the Petition, with accompanying affidavits and exhibits, is attached hereto as Exhibit A.

2. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §185, and, therefore, may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

3. Respondent removes this action because the Petitioner seeks to use the state courts as a vehicle to avoid its contractual obligations with the Union as well as to avoid its obligation to arbitrate certain disputes and be bound by the decisions and awards of the resulting arbitrations.

4. The Petition is based upon its claim that the Hotel was not bound by a card check/neutrality agreement set forth in a Memorandum of Agreement ("MOA") with the Union and an arbitration provision contained therein. An arbitrator, however, after hearing evidence submitted by the Union and the Petitioner's management company and express agent, Interstate Hotels ("Interstate"), determined that the Petitioner was bound to the terms of the MOA through Interstate. True and accurate copies of the Awards of the Office of the Impartial Chairperson, the designated arbitrator for the New York City hotel industry, are attached hereto as Exhibit B.

## THE PARTIES

5. The Petitioner is a limited liability company and an "employer" in an industry affecting commerce as respectively defined by Sections 2(2) and (6) of the LMRA, 29 U.S.C. §§152(2) and (6). The Employer provides hotel accommodations and services at the Hotel located at 522 West 38th Street, New York, New York 10018. Employees of the Hotel work in defined job positions commonly represented by the Union.

6. The New York Hotel and Motel Trades Council, AFL-CIO (the "Union") is a "labor organization" as defined in Section 2(5) of the LMRA, 29 U.S.C. §152(5). The Union represents employees performing various trades in the New York City hotel and restaurant industry, an industry affecting "commerce" as defined in Section 2(6) of the LMRA, 29 U.S.C. §152(6). At all relevant times, the Union has sought to represent employees employed by the Employer in various defined job positions as their collective bargaining representative pursuant to the provisions of the LMRA.

7. The Office of the Impartial Chairperson commonly known as Office of the Impartial Chairperson of the Hotel Industry of New York City ("Office of the Impartial Chairperson" or "Impartial Chairperson") is an office which administers the labor arbitration hearings for the panel of arbitrators designated under an industry-wide collective bargaining agreement ("IWA") between the Union and the Hotel Association of New York City, Inc. to adjudicate and resolve disputes between the parties and other employers such as the Hotel.

**THE AGREEMENT TO HONOR EMPLOYEE REPRESENTATIONAL RIGHTS**

8. On January 15, 2004, the Union and Interstate entered into the MOA under which Interstate agreed to allow employees of New York City area hotels which it "owned, operated or managed" or come to be so "owned, operated or managed" since July 2001, to choose whether they wanted to be represented by the Union under well established industry-wide card check and neutrality procedures. The MOA thus, restated the parties' agreement set forth in Addendum IV to the IWA. Essentially, the Union presents to the Impartial Chairperson authorization cards signed by hotel employees which the Impartial Chairperson verifies and tallies, announcing whether the Union has the majority support of hotel employees. A true and accurate copy of the MOA is attached hereto as Exhibit C. A true and accurate copy of the card count-neutrality

procedures of the New York City hotel industry, IWA Addendum IV, is attached hereto as Exhibit D.

9. Paragraph 4 of the MOA provides that: "Any disputes regarding the interpretation or application of this Agreement shall be subject to the grievance and arbitration provisions of the IWA, which are incorporated herein by reference".

10. Article 26 of the IWA contains an extremely broad arbitration clause providing, in relevant part, that:

> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairman, and his/her decision shall be final and binding upon the parties hereto.
>
> In the event of a willful default by either party in appearing before the Impartial Chairman, after due written notice shall have been given to the said party, the Impartial Chairman is hereby authorized to render a decision upon the testimony of the party appearing.
>
> The parties consent that any papers, notices or process, including subpoenas, necessary or appropriate to initiate or continue an arbitration hereunder or to enforce or confirm an award, may be served by ordinary mail directed to the last known address of the parties or their attorneys, or when authorized by the Impartial Chairman, by telegram, facsimile or telephone.
>
> The parties consent that all arbitration hearings shall be heard at the office of the Impartial Chairman located at 321 West 44th Street in the City of New York, or at such other place as the Impartial Chairman may designate.
>
> The Impartial Chairman may call such arbitration hearing on giving five (5) days' notice to all of the interested parties. The Impartial Chairman, however, may call a hearing on shorter notice if he/she deems it appropriate.
>
> The parties hereby expressly waive the requirements regarding the Arbitrator's oath and the manner and time for the service of notice

of hearing contained in the Civil Practice Law and Rules of the State of New York and agree and consent that the Impartial Chairman may proceed with the hearing.

11. Petitioner entered into a Hotel Management Agreement with Interstate ("Management Agreement") under which Interstate agreed to operate and manage the Hotel expressly as Petitioner's agent and, as a matter of law, as joint employer with the Petitioner. A copy of the Management Agreement is attached to the originating Petition.

12. Pursuant to the MOA and IWA, the Union demanded arbitration in accordance with the MOA, seeking to have the Hotel and Interstate comply with MOA and IWA card count neutrality provisions. An arbitration was held on March 1, 2007 with an award issued on April 10, 2007 (IC Award No. 2007-22) finding that the Hotel was bound to the MOA.

13. Pursuant to the MOA and IWA, the Union demanded arbitration in accordance with the MOA and IWA, due to the Employer's continuous violations of the MOA and IWA. Arbitration was held on August 8, 2007 concerning such violations and a Consent Award was issued on that date, August 8, 2007 (IC Award No. 2007-52).

14. On August 24, 2007, the Impartial Chairperson examined the authorization cards presented by the Union and employer documents presented by the Employer through Interstate and certified the Union as the exclusive bargaining representative of the Hotel's employees. A copy of the certification is set forth in IC Award No. 2007-20CC, attached hereto as Exhibit E (the "Card Count Award").

15. On September 14, 2007 pursuant to the MOA and IWA, the Union demanded arbitration in accordance with the MOA and IWA, due to the Employer's continuous violations of the MOA and IWA and the Awards by discharging employees and known Union supporters in retaliation for the exercise of their rights and in order to discourage the assertion of those rights and for the Employer's refusal to provide information requested, bargain with the Union

concerning the terms and conditions of its employees' employment, and denying the Union access to the employees. A copy of the September 14, 2007 Demand for Arbitration is annexed hereto as Exhibit F.

16. On September 14, 2007, the Office of the Impartial Chairperson sent a notice of hearing to the Employer, Interstate and the Union scheduling arbitration for September 20, 2007. On September 19, 2007, the Office of the Impartial Chairperson sent a revised notice of hearing to the Employer, Interstate and the Union scheduling arbitration for September 26, 2007. A copy of the September 14, 2007 and September 19, 2007 Hearing Notices are annexed hereto as Exhibit G.

## THE COURT'S REMOVAL JURISDICTION

17. Title 28 of the United States Code, Sections 1441(a) and (b) provide the basis for removal jurisdiction in this action.

18. The state court action herein is within the original jurisdiction of the Court "founded on a claim or right arising under the... laws of the United States." Section 301(a) of the LMRA, 29 U.S.C. § 185 provides:

> a. Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act... may be brought in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties.

19. It is well settled in this Circuit that federal courts have jurisdiction under Section 301(a) of the LMRA over petitions regarding labor arbitration awards, see, New York Health and Human Service Union, 1199/SEIU v. NYU Hospital Center, 343 F.3d117 (2nd Cir. 2003); Hotel & Restaurant Employees Union, Local 217 v. J.P. Morgan Hotel, 996 F.2d 561 (2nd Cir. 1993),

as well as petitions to stay labor arbitrations, See, Black-Clawson Co. v. Machinists Lodge 155, 313 F.2d 179, 182 (2nd Cir. 1962).

20. This Court has federal question jurisdiction over the instant action based on the afore-cited federal statutes and authorities.

21. This notice of removal is timely filed under 28 U.S.C. §1446(b) in that it is filed within thirty (30) days of receipt of the Petition.

22. A copy of this Notice of Removal with exhibits will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, and served on the Petitioner in accordance with 28 U.S.C. §1446(d).

WHEREFORE, Respondent Union prays this action be removed to this Court from the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
September 21, 2007

Respectfully submitted,

PITTA & DREIER LLP
*Attorneys for Respondent New York Hotel and Motel Trades Council, AFL-CIO*

By: _____
Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)
499 Park Avenue
New York, New York 10022
(212) 652-3890

TO:  Robert G. Brody, Esq.
Brody and Associates, LLC
*Attorneys for Petitioner*
67 Wall Street, Suite 2211
New York, New York 10005
- and -
179 Post Road West
Westport, CT 06880