PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
*Attorneys for Respondent*
*New York Hotel and Motel Trades Council, AFL-CIO*

Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
522 WEST 38TH STREET LLC,
d/b/a BEST WESTERN CONVENTION CENTER : Case No. 07-Civ-8230 (JER)

                                    :
                                    : AFFIRMATION IN OPPOSITION TO
                                    : PETITIONER'S ORDER TO SHOW
                    Petitioner,     : CAUSE TO STAY LABOR
                                    : ARBITRATION

     -against-

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO,

                    Respondent.
------------------------------X

STATE OF NEW YORK    )
                     ) s.s.
COUNTY OF NEW YORK   )

BARRY N. SALTZMAN, under penalty of perjury hereby affirms as follows:

1. I am an attorney admitted to practice before this Court, lead counsel for Respondent NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO ("Union" or "Respondent"), and a member of Pitta & Dreier LLP. I make this affirmation upon my personal knowledge, except where stated upon information and belief, in opposition to Petitioner's Motion to Stay

{00291325.DOC:}

labor arbitration, served September 21, 2007. For the reasons set forth herein and in the decision of the Hon. Paul A. Crotty of this Court in a substantively identical case (see Exhibit H attached), Petitioner's Motion should be denied.

## BACKGROUND

2.  Petitioner 522 WEST 38TH STREET LLC d/b/a BEST WESTERN CONVENTION CENTER (hereinafter referred to as the "Hotel" or "Petitioner") brought this action in New York State Supreme Court, County of New York by the filing of a Notice of Petition, accompanying Petition to Vacate, dated September 20, 2007, and Order to Show Cause (collectively the "Petition" attached without exhibits as Exhibit A hereto), seeking to stay arbitration currently scheduled for September 26, 2007.

3.  The Petition is based upon Petitioner's claim that the Hotel was not bound by a card check/neutrality agreement set forth in a Memorandum of Agreement ("MOA") with the Union and an arbitration provision contained therein. Petitioner sought an order to show cause staying the arbitration on the above grounds and because "Petitioner fears" that the arbitration "may result" in a "draconian penalty..." (Brody Aff. p. 5, included in Exhibit A). An industry arbitrator, however, after hearing evidence submitted by the Union and the Petitioner's management company and express agent, Interstate Hotels ("Interstate"), has already determined since April 2007 that the Petitioner was bound to the terms of the MOA through Interstate. True and accurate copies of the Awards of the Office of the Impartial Chairperson, the designated arbitrator for the New York City hotel industry, are attached hereto as Exhibit B.

4.  Immediately upon being served on the morning of September 21, the Union removed this action as one over which this Court has original jurisdiction under 28 U.S.C. § 1331, Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185 and 28 U.S.C. § 1441.

*See, e.g., New York Health and Human Service Union, 1199/SEIU v. NYU Hospital Center*, 343 F.3d 117 (2nd Cir. 2003); *Hotel & Restaurant Employees Union, Local 217 v. J.P. Morgan Hotel*, 996 F.2d 561 (2nd Cir. 1993); *See, Black-Clawson Co. v. Machinists Lodge 155*, 313 F.2d 179, 182 (2nd Cir. 1962). *See also, Property Advisory Group, Inc. v. Bevona*, 718 F. Supp. 209 (SDNY 1989) (principal-owner bound by manager-agent to labor agreement despite express prohibition in agency agreement).

## THE PARTIES

5. The Hotel is a limited liability company and an "employer" in an industry affecting commerce as respectively defined by Sections 2(2) and (6) of the LMRA, 29 U.S.C. §§152(2) and (6). The Hotel provides transient accommodations and services at industry prices at 522 West 38th Street, New York, New York 10018. Employees of the Hotel work in defined job positions commonly represented by the Union, but at compensation substantially below industry levels.

6. The New York Hotel and Motel Trades Council, AFL-CIO (the "Union") is a "labor organization" as defined in Section 2(5) of the LMRA, 29 U.S.C. §152(5). The Union represents over 20,000 employees performing various trades in the New York City hotel and restaurant industry, an industry affecting "commerce" as defined in Section 2(6) of the LMRA, 29 U.S.C. §152(6). At all relevant times, the Union has sought to represent employees employed by the Hotel in various defined job positions as their collective bargaining representative pursuant to the provisions of the LMRA.

7. The Office of the Impartial Chairperson of the Hotel Industry of New York City ("Office of the Impartial Chairperson" or "OIC") is an office which administers the labor arbitration hearings for a panel of arbitrators, each known as the "Impartial Chairman" or "IC". The OIC is

established and each IC designated under an industry-wide collective bargaining agreement ("IWA") between the Union and the Hotel Association of New York City, Inc., the employer association representing the majority of major or "flag" hotels in New York City, to adjudicate and resolve disputes between the parties and other employers such as the Hotel.

### THE AGREEMENT TO HONOR EMPLOYEE REPRESENTATIONAL RIGHTS

8.   On January 15, 2004, the Union and Interstate entered into the MOA under which Interstate agreed to allow employees of New York City area hotels which it "owned, operated or managed" or comes to be so "owned, operated or managed" since July 2001, to choose whether they wanted to be represented by the Union under well established industry-wide card check and neutrality procedures. The MOA thus restated the parties' agreement set forth in Addendum IV to the July 1, 2001 IWA. A true and accurate copy of the MOA and of the card count-neutrality procedures of the New York City hotel industry, IWA Addendum IV, is attached jointly hereto as Exhibit C.

9.   In summary, under the industry's Addendum IV card-check and neutrality procedures, the Union presents to the Impartial Chairperson authorization cards, signed by hotel employees in an employer-neutral environment, which the Impartial Chairperson verifies and tallies, announcing whether the Union has the majority support of hotel employees. Paragraph 4 of the MOA provides that: "Any disputes regarding the interpretation or application of this Agreement shall be subject to the grievance and arbitration provisions of the IWA, which are incorporated herein by reference". Procedures of this nature and form have been enforced by the United States Court of Appeals for the Second Circuit. *See, e.g., Hotel & Restaurant Employees Union, Local 217 v. J.P. Morgan Hotel, supra.*

10. Article 26 of the IWA, incorporated into the MOA by reference, contains an extremely broad arbitration clause providing, in relevant part, that:

> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairman, and his/her decision shall be final and binding upon the parties hereto.
>
> In the event of a willful default by either party in appearing before the Impartial Chairman, after due written notice shall have been given to the said party, the Impartial Chairman is hereby authorized to render a decision upon the testimony of the party appearing.
>
> The parties consent that any papers, notices or process, including subpoenas, necessary or appropriate to initiate or continue an arbitration hereunder or to enforce or confirm an award, may be served by ordinary mail directed to the last known address of the parties or their attorneys, or when authorized by the Impartial Chairman, by telegram, facsimile or telephone.
>
> The parties consent that all arbitration hearings shall be heard at the office of the Impartial Chairman located at 321 West 44th Street in the City of New York, or at such other place as the Impartial Chairman may designate.
>
> The Impartial Chairman may call such arbitration hearing on giving five (5) days' notice to all of the interested parties. The Impartial Chairman, however, may call a hearing on shorter notice if he/she deems it appropriate.
>
> The parties hereby expressly waive the requirements regarding the Arbitrator's oath and the manner and time for the service of notice of hearing contained in the Civil Practice Law and Rules of the State of New York and agree and consent that the Impartial Chairman may proceed with the hearing.

## THE HOTEL ENGAGES INTERSTATE AS MANAGER

11.     Upon information and belief, in early 2005, Petitioner entered into a series of documents constituting the Hotel management agreement with Interstate ("Management Agreement") under which Interstate agreed to operate and manage the Hotel expressly as Petitioner's agent and, as a matter of law and fact, as joint employer with the Petitioner. A copy of the Management Agreement, copied from the originating Petition, is attached as Exhibit D.

12.     Pursuant to the MOA and IWA, the Union demanded arbitration in 2006 seeking to have the Hotel and Interstate comply with MOA and IWA card count neutrality provisions. An arbitration was held on March 1, 2007 with an award issued on April 10, 2007 finding that the Hotel was bound to the MOA through Interstate (IC Award No. 2007-22, included in Exhibit A).

13.     The Union again demanded arbitration due to the Hotel's attempts to threaten and intimidate employees in continuous violation of the MOA and IWA. Arbitration was held on August 8, 2007 concerning such violations and a Consent Award was issued on that date (IC Award No. 2007-57, included in Exhibit A).

14.     Ultimately, pursuant to the card-check neutrality provisions, the Impartial Chairperson examined the authorization cards presented by the Union and employer documents presented by the Hotel through Interstate on August 24, 2007. Based on the presentation, the Impartial Chairman certified the Union as the exclusive bargaining representative of the Hotel's employees. A copy of the August 24 certification is set forth in IC Award No. 2007-20CC, attached hereto as Exhibit E.

## THE HOTEL STRIKES BACK

15. On or about September 10, 2007, after at least two and a half years of service, the Hotel discharged its managing agent, Interstate, and purportedly thereby all the employees who had been involved in the card-check neutrality proceedings under which the Union had been selected as their representative. The Hotel and a new managing agent together then hired some of the prior Hotel employees and new employees in an effort to avoid a majority of employees who had been involved in the certification of Union representation, Award No. 2007-20CC. On September 12 the Hotel disclaimed its obligations to bargain with the Union under contract and federal law.

## THE UNION SEEKS RELIEF

16. On September 14, 2007, the Union again demanded arbitration in accordance with the MOA and IWA, due to the Hotel's still uncured and continuing violations of the MOA, IWA Addendum IV and the Awards, and the events of September 10. The Union charged that the Hotel had terminated employees and known Union supporters in retaliation for the exercise of their rights and in order to discourage the assertion of those rights, refused to provide information requested, refused to bargain with the Union concerning the terms and conditions of its employees' employment, and was denying the Union access to the employees. A copy of the September 14, 2007 Demand for Arbitration is annexed hereto as Exhibit F.

17. On September 14, 2007, the OIC sent a notice of hearing to the Hotel, Interstate and the Union scheduling arbitration for September 20, 2007. On September 19, 2007, pursuant to a request by Interstate over the Union's objections, the OIC sent a revised notice of hearing to the Hotel, Interstate and the Union scheduling arbitration for September 26, 2007. A copy of the September 14, 2007 and September 19, 2007 Hearing Notices are annexed hereto as Exhibit G.

18.  The Hotel sought to stay the September 26 arbitration by Order to Show Cause and a Petition filed in New York State Supreme Court on September 20, 2007, served on the Union the next day, and immediately removed by the Union to this Court on September 21, 2007.

## THIS COURT HAS RECENTLY DENIED SIMILAR MOTIONS TO STAY OIC ARBITRATION

19.  On September 4, 2007, the Hon. Paul A. Crotty, USDJ, denied a substantively identical motion by another hotel owner to stay arbitration before the OIC, ruling that the owner had shown no irreparable harm from the arbitration proceedings. *Chelsea Grand, LLC v. New York Hotel & Motel Trades Council, AFL-CIO*, Case No. 07-cv-02614 (PAC).  That owner, Chelsea, also contended that it could not be bound to the MOA and Addendum IV card-check neutrality provisions through Interstate with whom it too had contracted to be the managing agent at its hotel. Chelsea, by the same counsel representing the Hotel in this case, sought to stay arbitration on the grounds that no agreement to arbitrate existed.

20.  After full briefing and oral argument, Judge Crotty denied that motion to stay OIC arbitration. Calling Chelsea's motion a "cart before the horse," Judge Crotty explained that the proper process for Chelsea to follow was not a stay of arbitration but to move to vacate any resulting award it deemed unauthorized or improper, after discovery. A copy of the transcript of the argument, including pages 56-67 at which Judge Crotty denied the stay for the lack of irreparable harm, is attached as Exhibit H.

21.  Previously, on February 21, 2007, the Hon. Gerard E. Lynch, USDJ, similarly denied a hotel owner's motion to stay OIC arbitration, likewise ruling that the owner had failed to show any irreparable harm justifying judicial intervention against labor arbitration. *Ocean King LLC v. New York Hotel & Motel Trades Council*, (SDNY No. 07-cv-1276). As here and in *Chelsea*

*Grand*, the owner contended that it could not be bound to arbitration through its managing agent Interstate. Judge Lynch ruled from the bench that he would not stay the arbitration scheduled for the next day, explaining that the threat of financially punishing awards was both hypothetical and curable on a subsequent motion to vacate and a full record. Counsel has inquired but it appears that there is no transcript of this emergency hearing at which Scott Wich, Esq. of Clifton Budd & DeMaria represented Ocean King, Peter Walker, Esq. of Seyforth Shaw represented Interstate, and I represented the Union.

22.    Judge Crotty's and Judge Lynch's decisions denying stays of arbitration on strikingly similar facts accord with the precedent of this Court. *See, Emery Air Freight Corporation v. Local 295*, 786 F.2d 93,100 (2d Cir. 1986) (labor arbitration does not pose irreparable harm) *and Vittoria Corporation v. New York Hotel & Motel Trades Council*, 30 F. Supp. 2d 431 (SDNY 1998) (motion to stay OIC arbitration denied based on agreement incorporating IWA, federal policy favoring labor arbitration, and the absence of irreparable harm if arbitration proceeded).

23.    Nothing in the Hotel's papers in this case distinguishes its motion from those already denied by Judges Crotty and Lynch earlier this year. As in those cases, no irreparable harm is established by Petitioner's "<u>fears</u>" that the arbitration "<u>may</u> result in the imposition of an unauthorized draconian penalty against the Petitioner." (Brody Aff. Page 5, emphasis added). The Hotel's "fears" may not come to pass and, if improper, the OIC award could be challenged in a motion to vacate at the proper time, on a proper record. Judge Crotty dismissed these very same potentialities which Chelsea too characterized as draconian:

> "... having thought about now and read your papers and considered your arguments, I don't think that there is a showing here, an adequate showing of irreparable harm, <u>certainly not from arbitration. Any damages that you might experience are strictly speculative ...</u>" (Exhibit G, p. 66) (emphasis added).

24. The Union also believes that the facts establish the Union's likelihood of success on the merits and a balance of equities in its favor. For example, this Court has already held that an owner will be bound to arbitration under a labor agreement by the conduct of its agent with apparent authority. *See Property Advisory Group v. Bevana*, 718 F. Supp. 209 (SDNY 1989). *See also, Longstreet Associates LP v. Bevona,* 16 F.Supp.2d 290 (SDNY 1998) (same, and as joint employer). However, these issues need not be addressed given the threshold absence of irreparable harm.

WHEREFORE, since there is no lawful or factual basis for Petitioner to demand that the Court intervene, Respondent Union prays that the Hotel's Motion to Stay labor arbitration be denied, and the Union be awarded whatever further relief this Court deems fair and appropriate.

Dated: New York, New York
       September 25, 2007

By: _____
Barry N. Saltzman (BS 6533)
PITTA & DREIER LLP
*Attorneys for Respondent New York Hotel and Motel Trades Council, AFL-CIO*
499 Park Avenue
New York, New York 10022
(212) 652-3890

Of Counsel:
    Vincent F. Pitta (VP 1435)
    Michael D'Angelo (MD3030)

TO:  Robert G. Brody, Esq.
     Brody and Associates, LLC
     *Attorneys for Petitioner*
     67 Wall Street, Suite 2211
     New York, New York 10005
         - and -
     179 Post Road West
     Westport, CT 06880