# Exhibit A

|   |   |
|---|---|
|   | At Part ___ of the Supreme Court of the State of New York held in and for the County of New York at the Courthouse thereof at 60 Centre Street, New York, New York, on the ___th day of September, 2007 |

*Rakoff*
*Remmy* *Judge Buchwald*
*SDNY*
*07 CV 8230 (NRB)*

**PRESENT:**

HON. _____ Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____x

522 W. 38th St. NY LLC,

        Petitioner,

    -against-

NEW YORK HOTEL & MOTEL TRADES COUNCIL,
AFL-CIO,

        Respondent.
_____x

Index No. 07112748

**ORDER TO SHOW CAUSE**

    UPON the annexed Affidavit of Jack Cheng, sworn to September 19, 2007, the Affirmation of Robert G. Brody, dated September 20, 2007, the Notice of Petition and Verified Petition to Stay, the exhibits annexed thereto; and upon all the papers and proceedings heretofore had herein;

    LET Respondent New York Hotel & Motel Trades Council, AFL-CIO, and/or Respondent's attorney show cause before one of the Judges of this Court at IAS Part ____ thereof, located 60 Centre Street, Room ____, New York, New York on September

#230974

____, 2007, at 9:30 in the forenoon of that day, or as soon thereafter as the parties can be heard, why an order should not be made:

(a) granting a stay of all arbitrations before the Impartial Chairperson on the ground that no valid agreement between the Petitioner and Respondent existed or exists pursuant to which arbitration is required; and further

(b) granting and maintaining a stay of the September 26, 2007, Emergency Hearing or any other hearing between the parties before the Impartial Chairperson until an action considering Petitioner's Verified Petition for a Stay of Arbitration is fully and finally considered by this Court; and further

(c) granting any other relief that the Court deems just and proper.

Sufficient cause appearing therefore, it is hereby

**ORDERED** that the above Emergency Hearing or any other hearing between the parties is hereby stayed until the ordered hearing and determination are had in this matter, and it is further

**ORDERED** that service by overnight mail of a copy of this Order, together with the papers upon which it was granted, on Respondent, made on or before September __, 2007, be deemed good and sufficient service, with proof of service to be filed with the Clerk of the Court on or before the return date of this motion; and it is further

**ORDERED** that any opposition to the Order to Show Cause be served and filed so as to be received by the Court and Petitioner's Counsel on or before September ___, 2007 to permit review and reply, if any.


Dated: New York, New York
       September 20, 2007

                                                                              _____
                                                                                    J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x

522 W. 38th St. NY LLC,

        Petitioner,

  -against-

NEW YORK HOTEL & MOTEL TRADES COUNCIL,
AFL-CIO,

        Respondent.
-------------------------------------------------------------x

Index No.

**AFFIRMATION OF
ROBERT G. BRODY**

    **ROBERT G. BRODY,** an attorney at law duly admitted to practice law in the State of New York, hereby affirms under penalties of perjury pursuant to CPLR 2106:

    1.    I am the Managing Member of the firm of Brody and Associates, LLC, attorneys for Petitioner, 522 W. 38th St. NY LLC.

    2.    I am fully familiar with the facts set forth herein, and I submit this affirmation in support of Petitioner's order to show cause seeking, among other things, an Order:

        (a)    granting a stay of all arbitrations before the Impartial Chairperson on the ground that no valid agreement between the Petitioner and Respondent existed or exists pursuant to which arbitration is required; and further

        (b)    granting and maintaining a stay of the September 26, 2007, Emergency Hearing or any other hearing between the parties before the Impartial Chairperson until an action considering Petitioner's Verified Petition for a Stay of Arbitration is fully and finally considered by this Court; and further

        (c)    granting any other relief that the Court deems just and proper.

#230983

3.   This special proceeding arises out of Respondent's attempt to impose the obligation to arbitrate an issue, which Petitioner never agreed was subject to arbitration. A copy of the Notice of Petition and Verified Petition is annexed hereto as Exhibit "A".

4.   For the reasons set forth in the annexed papers, the Affidavit of Jack Cheng, sworn to September 19, 2007, the Verified Petition, and the exhibits annexed thereto, Petitioner is entitled to a stay of all arbitrations before the Impartial Chairperson.

5.   Further, an interim stay is necessary because of the impending Emergency Hearing scheduled for September 26, 2007, which Petitioner fears may result in the imposition of an unauthorized draconian penalty against Petitioner.

6.   We have notified Barry Saltzman, of the law firm of Pitta & Dreier, LLP, counsel for Respondent, of our intention to seek the relief requested herein.

7.   No other request for the relief requested herein has been made to this or any other Court.

WHEREFORE, Petitioner respectfully requests an Order by this Court granting Petitioner's request for an interim and permanent stay, and the other relief requested above, together with such other and further relief as to the Court deems just and proper.

Dated: New York, New York
       September 20, 2007

                                                   ROBERT G. BRODY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
................................................x

522 W. 38th St. NY LLC,

                      Petitioner,

                 -against-

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO,

                      Respondent.
................................................x

**Index No.**

**AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE FOR STAY OF ARBITRATION**

Jack Cheng being duly sworn, deposes and says:

1. I am President of 522 W. 38th St. NY, LLC, the Owner of the Best Western Convention Center Hotel ("Hotel") and the Petitioner in the above entitled proceeding. I am fully familiar with the facts set forth herein.

2. On behalf of Petitioner, I request that the Court issue an Order to Show Cause why arbitration in the above referenced matter should not be stayed; and/or grant such other relief as the Court may deem to be just and proper.

3. This request is based on the fact that there is no agreement between the Respondent, New York Hotel & Motel Trades Council, AFL-CIO ("Union") and Petitioner that requires Petitioner to arbitrate before the Impartial Chairperson ("IC"), nor is there any other agreement requiring arbitration before the IC that is binding on Petitioner.

4. On February 7, 2005, Petitioner entered into an Assignment of Management Agreement ("Assignment") with Unigroup Hotel, LLC, the former owner of the Hotel, pursuant to which Petitioner agreed to assume all the obligations and rights under the Management Agreement between Unigroup and Crossroads Hospitality Management Company LLC, a subsidiary of Interstate Hotel and Resorts (hereinafter collectively referred to as "IHR"). Pursuant to the Management Agreement, IHR was to employ, train, recruit, hire, discipline, fire and supervise all the employees of the Hotel. Since the Assignment and up until the time IHR was terminated, IHR was the sole employer of the employees in the Hotel.

5. On January 31, 2005, prior to the Assignment, Petitioner entered into an agreement with IHR to modify certain provisions of the Management Agreement. In particular, the parties agreed to add Section 11.2(D), which specifically stated Petitioner wanted to operate its Hotel union-free. Section 11.2(D) was included to assure that our Hotel would never be unionized. Had I or the ownership of Petitioner known that IHR entered an agreement with the Union that could facilitate the unionization of our Hotel, we would have never agreed to the Assignment of the Management Agreement, nor would we have entered the Assumption and Modification of Management Agreement ("Assumption and Modification") with IHR.

6. During the negotiations of the Assumption and Modification, as well as the Assignment, IHR did not disclose the existence of the Memorandum of Agreement (MOA), Industry-wide Agreement (IWA), or Addendum IV, the agreements which facilitated the Union's unionization of IHR's employees and call for dispute resolution before the IC. In fact, IHR never disclosed the existence of these agreements, nor did it disclose that it was

bound to a neutrality/card check agreement with the Union. I did not know of these agreements until after the Union began to unionize the employees of the Hotel in July or August 2007.

7. Petitioner has never signed any agreement with the Union. IHR was never given the authorization to enter into a contract with a Union on Petitioner's behalf. IHR, nor the Union has ever asked if Petitioner agrees to be bound by the MOA, IWA and/or Addendum IV and I have never agreed to be bound by nor ratified any agreement entered into by IHR and the Union, or any other agreement with the Union.

8. IHR was terminated as managing agent of the Hotel on September 10, 2007, for breaching its contractual obligations and fiduciary duties to Petitioner. Since September 10, 2007, IHR has ceased to be the manager and/or employer of the employees in the Hotel.

9. United Staffing Group ("United") was hired to take over the role of employer at the Hotel. United hires, fires, disciplines, supervises, recruits and trains all the employees of the Hotel. Of the 22 employees that previously worked for IHR, seven housekeepers and two housemen were hired by United. Two other housemen have been promoted to managerial positions. As such the Union no longer represents a majority of the employees in the Hotel.

10. Petitioner should not be bound to arbitrate with the Union pursuant to the MOA, IWA and/or Addendum IV, because Petitioner was not a signatory to any of these agreements; Petitioner did not authorize IHR, or any other agent to enter into an agreement with the Union at any time on its behalf; and Petitioner never agreed to be bound by nor ratified any agreement with the Union, including those entered into by IHR. There is no

agreement requiring Petitioner to submit to the authority and jurisdiction of the IC. As such, it would be improper for the Union to arbitrate issues involving the employees of the Hotel, which could significantly affect the operation of Petitioner's Hotel, before it has been determined by this court whether an agreement providing requiring Petitioner to arbitrate even exists.

11. As such, this request should be granted ordering the Union to appear and show cause why Petitioner's Petition to Stay Arbitration should not be granted, as well as staying the Emergency Arbitration before the IC scheduled for September 26, 2007 until this court determines whether there is an agreement to arbitrate.

12. Petitioner has not had a previous Order to Show Cause regarding this Index Number.

_____
Jack Cheng

Sworn to and Subscribed

before me this 19th day

of September, 2007

_____
Notary Public

My Commission Expires:_____

LISA REITBAUER
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01HE6012540
QUALIFIED IN DUTCHESS COUNTY
MY COMMISSION EXPIRES AUG. 31, 20 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————x

| | |
|---|---|
| 522 W. 38th St. NY LLC, | **Index No.** |
| Petitioner, | **Date Purchased**: |
| -against- | **NOTICE OF PETITION** |
| | Petitioner designates New York County as the place of trial. The basis of venue is Respondent's place of business |
| | **Respondent's Address:** |
| NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO, | 707 Eight Avenue<br>New York, NY 10036 |
| Respondent. | |

————————————————————————x

TO THE ABOVE NAMED RESPONDENT:

**You are hereby summoned** to answer the verified petition in this action and to serve a copy of your answer, or, if the petition is not served with this notice of petition, to serve a notice of appearance, on the petitioners' attorneys within 20 days after the service of this notice of petition, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Petition.

#230990

Dated: New York, New York
       September 20, 2007

                                              BRODY AND ASSOCIATES, LLC
                                              *Attorneys for Petitioner*

                                           By: _____
                                                Robert G. Brody
                                                67 Wall Street, Suite 2211
                                                New York, New York 10005
                                                203-965-0560

                                          Of Counsel:

                                          Robert A. Rubenfeld, Esq.
                                          TODTMAN NACHAMIE
                                          SPIZZ & JOHNS, P.C.
                                          425 Park Avenue
                                          New York, New York 10022
                                          212-754-9400

**Petitioner's Address**
147-25 Northern Blvd.
Suite 3E
Flushing, NY 11354


**Respondent's Address:**
707 Eighth Avenue
New York, NY 10036

#230990                                                              2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
...........................................x

522 W. 38th St. NY LLC,

                                                **Index No.**

                Petitioner,

                                                **PETITION TO STAY**
            -against-                                      **ARBITRATION**

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO,

                Respondent.
...........................................x

Petitioner, 522 W. 38th St. NY LLC, by its attorneys, Brody and Associates, LLC and Todtman, Nachamie, Spizz & Johns, P.C., hereby alleges as follows:

1. At all relevant times Petitioner, 522 W. 38th St. NY LLC, was and still is a limited liability company organized and existing under the laws of New York, and authorized to do business in New York. Petitioner's principal place of business is 147-25 Northern Blvd., Suite 3E, Flushing, New York 11354. Petitioner owns the hotel property known as the Best Western Convention Center Hotel ("Hotel") located at 522-524 West 38th Street, City, County and State of New York.

2. Upon information and belief, the principal place of business of the Respondent Union, the New York Hotel & Motel Trades Council, AFL-CIO ("Union"), is located at 707 Eighth Avenue, New York, New York 10036.

3. On February 7, 2005, Petitioner, in conjunction with the purchase of the Hotel, entered an Assignment of Management Agreement ("Assignment") with Unigroup Hotel, LLC

1

("Unigroup"), the former owner of the Hotel. Pursuant to this Assignment, Petitioner agreed to have the Management Agreement between Unigroup and Crossroads Hospitality Management Company LLC, a subsidiary of Interstate Hotels and Resorts, (hereinafter collectively referred to as "IHR"), assigned to Petitioner and assumed all the rights and obligations under the Management Agreement. A copy of the Assignment is attached as Exhibit 1.

4. Pursuant to Section 3.1 of the Management Agreement, IHR was to "[r]ecruit, employ, relocate, pay, supervise, and discharge all employees and personnel necessary for the operation of the Hotel. Included in the foregoing shall be the determination of all personnel policies." Section 3.1 also granted Petitioner the right to approve the hiring and termination of the Hotel's General Manager. Section 3.2 of the Management Agreement specifically stated that IHR would be the employer of all the employees in the Hotel and that IHR would have no authority to enter into a collective bargaining agreement for the Hotel without the express written approval of Petitioner. A redacted copy of the Management Agreement is attached as Exhibit 2. At all times since the Assignment, IHR has been the sole employer of the employees in the Hotel.

5. On January 31, 2005, Petitioner and IHR entered an Assumption and Modification of Management Agreement ("Modification"), pursuant to which IHR agreed to consent to the Assignment of the Management Agreement and the parties agreed to certain modifications of the Management Agreement. Among other modifications, Petitioner and IHR agreed to add Section 11.2(D) entitled "Manager's Right to Terminate for Union Issues," which provision immediately stated that IHR acknowledged that Petitioner desired to operate the Hotel union-free. A redacted copy of the Modification is attached as Exhibit 3.

2

6. Upon information and belief, on or about January 15, 2004, prior to Petitioner's purchase of the Hotel and Assumption of the Management Agreement with IHR, the Union and IHR negotiated and executed a Memorandum of Agreement ("MOA"), under which IHR was bound by the Accretion and Card Count/Neutrality Provisions of the Memorandum of Understanding ("MOU"), dated June 15, 2000 between the Union and the Hotel Association of New York City, Inc. The MOA was retroactive to July 1, 2001 and thus, would cover any hotel in the New York City area that came to be operated or managed by IHR after July 1, 2001. IHR further agreed in the MOA to be bound by the Union's master hotel collective bargaining agreement (known as the Industry-Wide Agreement ("IWA")) as the employer of the employees for those hotels it operated or managed. A copy of the MOA and Addendum IV are attached as Exhibit 4.

7. Upon information and belief, IHR never disclosed the existence of the MOA to Unigroup (Petitioner's assignor), Unigroup never authorized IHR to enter into the MOA with the Union and never entered into any agreement with the Union ratifying or assuming the obligations of the MOA. More significantly, IHR never disclosed the existence of the MOA to Petitioner; Petitioner has never negotiated nor signed any agreement with the Union, nor has it ever authorized IHR to negotiate or sign an agreement with the Union on Petitioner's behalf. Petitioner did not know of the MOA until after the Union began to unionize the employees of the Hotel.

8. The IWA (Article 60, Section B and Addendum IV) contains provisions which require employers to allow the union access to employees on hotel property during non-working hours to solicit union cards and if the Union obtains cards from a majority of the employees, the employer will recognize the union and bargain for a collective bargaining agreement. In addition,

Addendum IV provides that the Impartial Chairman ("IC") would resolve any dispute arising out of the IWA and can issue remedial or penal orders to ensure compliance with the IWA. The IC's orders are final and binding.

9. In July or August 2007, Union organizers began talking to the employees of the Hotel for purposes of unionizing them. Upon information and belief, on or about August 3, 2007, the Union requested an emergency hearing before the IC to determine whether the management at the Hotel was violating the neutrality provisions of Article 60 and Addendum IV of the IWA by expressing their opinions about the Union.

10. On August 8, 2007, an emergency hearing before the IC was held. Neither Petitioner nor anyone from IHR's management team appeared at this hearing, but upon information and belief, counsel for IHR did attend this hearing. Petitioner was never advised of this hearing on or before August 8, 2007. At this hearing, the IC determined that management at the Hotel was violating the neutrality provisions and even though IHR was the employer bound by the neutrality agreement, the IC directed Hotel ownership (Petitioner), not just IHR, to cease and desist from further violations. The IC further ordered the Hotel's General Manager to issue an improper, biased (in the Union's favor) written and verbal statement to all employees explaining the violations and management's obligation to remain neutral. These statements were to be read to the employees during working time and were to be posted prominently in the Hotel. A copy of the IC's Consent Award and Required Statement is attached as Exhibit 5.

11. Upon information and belief, on or about August 23, 2007, IHR received notice from the Union that a majority of the Hotel's employees had signed authorization cards and that the Union was requesting the IC conduct an emergency card count (to determine if the Union had

collected union cards from a majority of the Hotel's employees). Upon information and belief, there was no written notice of any pending card count before the IC.

12. On August 24, 2007, the IC held a "card count," at which the IC determined the Union had obtained authorization cards from a majority of the Hotel's employees (at least 12 out of the 22 employees in the bargaining unit) and therefore certified the Union as the exclusive bargaining agent for the employees.

13. On September 7, 2007, Petitioner sent IHR a Notice of Termination, notifying IHR that it would be terminated as managing agent effective on Monday, September 10, 2007 at 3:00 p.m. A copy of the Termination Notice is attached as Exhibit 6. On September 10, 2007, IHR was terminated as the managing agent of the Hotel for its various breaches of its contractual obligations and fiduciary duties. At all times after September 10, 2007, IHR has ceased to be the manager and/or employer of the employees in the Hotel.

14. After IHR was terminated, Petitioner hired another staffing company, United Staffing Group ("United") to hire and employ the employees of the Hotel. Of the 22 employees that were members of the Union, United hired seven housekeepers and two housemen. A majority of United's employees eligible for unionization were not members of the bargaining unit under IHR. Therefore, as a matter of black letter labor law, United can not be considered a successor employer required to recognize and negotiate with the Union.

15. On or about September 12, 2007, the Union sent a notice to Petitioner demanding the Hotel bargain with the Union and produce certain information, including a list of all bargaining employees, employee handbooks and policies, and information on employee benefits. A copy of the Union's Demand is attached as Exhibit 7.

16. On September 12, 2007, Petitioner sent the Union a letter refusing to bargain with the Union on the grounds that IHR, the true employer bound to bargain with the Union, had been terminated, a majority of United's employees were not previously in the bargaining unit at IHR and therefore, it was not bound to recognize and negotiate with the Union. A copy of the September 12, 2007 letter is attached as Exhibit 8.

17. On September 14, 2007, the Union requested an emergency hearing before the IC to determine whether Petitioner had violated the IC's "Award No.s 2007-22 and 2007-20CC by discharging employees and known Union supporters . . ." and "by refusing to provide information requested, bargain with the Union . . . and denying the Union access to the employees." That same day the IC ordered an emergency hearing be held on September 20, 2007, to determine the issues raised by the Union, which was adjourned by the IC until September 26, 2007. A copy of the Union's Demand for Arbitration, the initial IC's Notice of Emergency Hearing and the IC's Notice rescheduling the Hearing are attached as Exhibit 9.

18. On September 18, 2007, the Union sent an Arbitral Subpoena *Duces Tecum*, commanding Petitioner produce certain information and documents at the Emergency Hearing on September 20, 2007. A copy of the Subpoena is attached as Exhibit 10.

19. This Petition is made, pursuant to CPLR 7503(c), to permanently stay the September 20, 2007 Emergency Hearing before the IC (adjourned by the IC to September 26, 2007, based upon the request of IHR), as well as any further hearings before the IC concerning Petitioner and/or United, on the ground that there is no valid agreement between the Union and Petitioner pursuant to which arbitration is required. Petitioner was not a signatory to the MOA, IWA or Addendum IV and did not authorize IHR to enter the MOA on its behalf.

WHEREFORE, Petitioner respectfully requests that an order be entered directing that the Emergency Hearing and any further hearings before the Impartial Chairperson be permanently stayed, the subpoena *duces tecum* be quashed and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 20, 2007

ATTORNEYS FOR PETITIONER

Brody and Associates, LLC

By: Robert G. Brody
67 Wall Street, Suite 2211
New York, New York 10005
Tel: (203)965-0560
Please direct all correspondence to:
179 Post Road West
Westport, Connecticut 06880

OF COUNSEL:

Robert A. Rubenfeld, Esq.
Todtman, Nachamie, Spizz & Johns, P.C.
425 Park Ave.
New York, New York 10022
Tel: (212)754-9400

TO:
New York Hotel & Motel Trades Council, AFL-CIO
707 Eighth Avenue
New York, New York 10036

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
................................x

522 W. 38th St. NY LLC,

                Petitioner,

Index No.

**VERIFICATION**

  -against-

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO,

                Respondent.
................................x

STATE OF NEW YORK  )
                             ) ss:
COUNTY OF NEW YORK  )

      I, Jack Cheng, being duly sworn, depose and say:

      I am the President of Petitioner, 522 W. 38th St. NY LLC. I have read the annexed Petition, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon a review of the files and records pertaining to this matter.

                                                      JACK CHENG

Sworn to before me this
19th day of September, 2007

Notary Public

LISA REITBAUER
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01HE6012540
QUALIFIED IN DUTCHESS COUNTY
MY COMMISSION EXPIRES AUG. 31, 20_10_