# Exhibit F

09/18/2007 17:24  7184616832        NORTHERN STAR REALTY                     PAGE 04/19
09/14/2007 11:29 FAX 2126523863     DREIER LLP

# PITTA & DREIER LLP

ATTORNEYS AT LAW

Michael J. D'Angelo
Direct Dial 212 652 3833
mdangelo@pittadreier.com

September 14, 2007

**By Email and Federal Express**

Office Administrator
Office of the Impartial Chairman of the
New York City Hotel and Motel Industry
321 West 44th Street
Suite 400
New York, New York 10036

    Re:    <u>New York State Hotel and Motel Trades Council, AFL-CIO against Interstate Hotels & Resorts ("Interstate") and the Best Western Convention Center Case No. U07-[    ].</u>

Dear Office Administrator:

    On behalf of our client, the New York Hotel and Motel Trades Council, we enclose herewith an Emergency Demand for Arbitration, the Agreement and statutory notices in connection with the above matter. Please schedule this case as an emergency before any available arbitrator for September 19 or 20, 2007.

    A copy of the Demand, together with a counterpart of this letter, has been served upon Interstate and Owner by certified mail, return receipt requested and by facsimile.

    Thank you for your cooperation.

Sincerely,

Michael J. D'Angelo

cc: See Distribution List

499 Park Avenue  New York, New York 10022
Telephone 212 652 3890  Facsimile 212 652 3891

111 Washington Avenue  Suite 401  Albany, New York 12210
Telephone 518 449 3320  Facsimile 518 449 5812

www.pittadreier.com

{00288841.DOC;}

# DEMAND FOR EMERGENCY ARBITRATION

Date: September 14, 2007

Case No. #U07-[    ]

| | | |
|---|---|---|
| **Employers:** | BEST WESTERN CONVENTION CENTER ("Hotel Owner") | 522 West 38th Street<br>New York, New York 10018<br>Fax (212) 947-1545 |
| | INTERSTATE HOTEL & RESORTS, INC. ("Hotel Manager") | c/o Ms. Annie Dromstedt<br>4501 North Fairfax Drive<br>Arlington, CA 22203<br>Fax (703) 387-3261 |
| **Attorney for Owner:** | Robert G. Brody, Esq.<br>Brody and Associates, LLC | 179 Post Road West<br>Westport, CT 06880<br>Fax (203) 965-0569 |
| **Attorney for Interstate:** | Peter Chatilovicz, Esq.<br>Seyfarth Shaw LLP | 815 Connecticut Ave. NW,<br>Suite 500<br>Washington, D.C. 20006<br>Fax (202) 828-5393 |
| **Union** | New York Hotel and Motel Trades Council, AFL-CIO | 707 Eighth Avenue<br>New York, New York 10036 |
| **Attorney for Union:** | Pitta & Dreier, LLP<br>By: Michael J. D'Angelo, Esq. | 499 Park Avenue<br>New York, New York 10022 |

The undersigned hereby requests the duly appointed Impartial Chairman to arbitrate the issues set forth below under the terms of the Agreement between the Union and the Joint Employers dated January 15, 2004 and the Industry-Wide Agreement (the "Agreement" copy annexed).

## ISSUES TO BE ARBITRATED:

1. Has the Hotel violated the Agreement and Award No.s 2007-22 and 2007-20CC (the "Awards") by discharging employees and known Union supporters in retaliation for the exercise of their rights and in order to discourage the assertion of those rights.

2. Has the Hotel violated the Awards and the Agreement by refusing to provide information requested, bargain with the Union concerning the terms and conditions of its employees' employment and denying the Union access to the employees?

3. What shall be the remedy against the Employers, jointly and severally, for any of the above violations if found, including but not limited to backpay, injunctive relief, actual damages, punitive damages, fees and costs, statutory remedies, and the dollar amounts thereof.

PITTA & DREIER LLP
By: _____
Michael J. D'Angelo
ATTORNEYS FOR THE NEW YORK HOTEL AND
MOTEL TRADES COUNCIL, AFL-CIO
499 Park Avenue
New York, New York 10022
Tel (212) 652-3827

Copies of this Demand have been sent to the Employers on September 14, 2007 by
CERTIFIED MAIL, RETURN RECEIPT REQUESTED and FEDERAL EXPRESS.

See Distribution List

## PLEASE TAKE NOTICE OF SEC. 630 OF THE BUSINESS CORPORATION LAW OF THE STATE OF NEW YORK

Pursuant to Sec. 630 of the Business Corporation Law of the State of New York, the ten (10) largest shareholders of a corporation may be held jointly and severally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees. For the purpose of the above-cited section, wages or salaries shall specifically include but not be limited to salaries, overtime, vacation, holiday and severance pay; employer contributions to pension or annuity funds; and any other moneys properly due or payable for services rendered by such laborers, servants, or employees.

By reason of our claim against you for certain monies as defined above, it is the intention of the UNION, on behalf of your corporation's bargaining unit employees, to hold you personally liable for same.

PLEASE TAKE FURTHER NOTICE, that pursuant to Sec. 624 of the Business Corporation Law of the State of New York, we demand the right to examine the records of your corporation in order to ascertain names and addresses of all shareholders, the numbers and class of shares held by each, and the dates when they respectively became owners of record thereof. This information may be subpoenaed in an arbitration or other legal proceedings.

## PLEASE TAKE NOTICE THAT SEC. 198-C OF THE LABOR LAW OF THE STATE OF NEW YORK PROVIDES:

§198-c. Benefits or wage supplements (Emphasis added)

In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employees and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided in section one hundred ninety-eight-a of this article. Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.

As used in this section, the term "benefits" or "wage supplements" includes, but not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, severance or holiday pay.

Dated: New York, New York
September 14, 2007

{00288848.DOC;}

09/18/2007 17:24  7184616832    NORTHERN STAR REALTY    PAGE 07/19
09/14/2007 11:30 FAX  2126521863   DREIER LLP   ☒005/012

Mar-11-2005 01:56pm  From-NY HOTEL & MOTEL TRADES COUNCIL   4657817741   T-030  P.002/004  F-010



# AGREEMENT

**MEMORANDUM OF AGREEMENT** entered into this 19th day of January, 2004 between the **NEW YORK HOTEL AND MOTEL TRADES COUNCIL**, AFL-CIO ("Union") and **INTERSTATE HOTELS AND RESORTS** and/or its affiliates (the "Employer").

NOW, THEREFORE, the parties agree as follows:

1. Effective as of the date of this Agreement and retroactive to July 1, 2001 Interstate agrees to be bound by the Arbitration and Card Check/Neutrality provisions of the Memorandum of Understanding dated June 18, 2000 between the Union and Hotel Association of New York City, Inc. ("Hotel Association"), such that the Union shall be able to apply the Arbitration and Card Check/Neutrality provisions to any hotel or condominium in the New York City area which came or comes to be owned, operated or managed by Interstate since July 1, 2001, without prejudice or limitation. The parties agree that this paragraph shall not be applicable to the Courtyard by Marriott JFK, located at 145-11 North Conduit Avenue, Jamaica, New York by virtue of Interstate's management thereof.

2. Interstate agrees to adopt, assume and be bound by all the terms and conditions of employment, both economic and non-economic in nature, if any successor collective bargaining agreement to the Industry Wide Agreement between the Union and the Hotel Association, which expires on June 30, 2006 ("IWA") negotiated between the Hotel Association and Union, which shall serve to extend, supersede and/or modify the IWA, on its own behalf and on behalf of any hotel or condominium which it currently or hereinafter owns, operates or manages in the New York City area.

3. The Union agrees that the Park Central Hotel shall be permitted to lease out part of its property to Starbucks who will operate a retail store on said property. Provided that there shall be no entrance or access to Starbucks from inside the Hotel and that no Starbucks employees will perform any duties or functions currently performed by bargaining unit members, Starbucks will not be considered a concessionaire within the meaning of the IWA nor subject to the succession and area standards provisions of the IWA.

Union 00144

09/18/2007 17:24  7184616832                NORTHERN STAR REALTY            PAGE 08/19
09/14/2007 11:30 FAX  2120021803   DREIER LLP                                 ☒006/012

7. Any disputes regarding the interpretation or application of this Agreement shall be subject to the grievance and arbitration provisions of the IWA, which are incorporated herein by reference.

Dated: January 16, 2004

NEW YORK HOTEL AND MOTEL  
TRADES COUNCIL, AFL-CIO

By: [signature]

INTERSTATE HOTELS AND RESORTS

By: [signature]



D010c10 00145

09/18/2007 17:24   7184616832   NORTHERN STAR REALTY   PAGE 09/19
☒007/012

AGREEMENT entered into so as to be effective July 1, 2001 between the HOTEL ASSOCIATION OF NEW YORK CITY, INC., in its own behalf and in behalf of the HANYC BARGAINING GROUP HOTELS[1] (hereinafter collectively referred to as the EMPLOYER or the ASSOCIATION), and the operators of hotels and motels who are active members of the ASSOCIATION and with respect to whom the UNION (as herein below described) presently has contractual relations, and the operators of hotels, motels, and concessionaires with respect to whom the UNION may be hereafter designated as sole collective bargaining agent for the employees of such hotels, motels, and concessionaires, and who shall become parties hereto by agreeing to this Agreement, each and every such hotel, motel, and concessionaire being hereinafter referred to as the EMPLOYER, and the NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO, hereinafter called the UNION, in its own behalf and in behalf of its members, now employed or hereafter to be employed by the EMPLOYER.

## WITNESSETH:

WHEREAS, the ASSOCIATION is an organization whose active members are engaged in the hotel business in the City of New York and one of whose objects is to promote fair and harmonious labor relations between hotel keepers and their employees, and

WHEREAS, the parties hereto are signatories to a Collective Bargaining Agreement signed June 26, 1985, as amended by a Memorandum of Understanding signed January 30, 1990 (hereinafter collectively referred to as the "1990 Agreement"), which 1990 Agreement by its terms, expired on June 30, 1995, and was extended by the parties to midnight July 4, 1995, and further amended by a Memorandum of Understanding signed July 5, 1995 (hereinafter collectively referred to as the "1995 Agreement"), which Agreement by its terms, expired on June 30, 2001;

WHEREAS, the parties hereto, desiring to cooperate to stabilize such labor relations by establishing general standards of wages, hours of service and other conditions of employment, and providing arbitral machinery whereby disputes and grievances between employers and employees may be adjusted without resort to strikes, lockouts or other interferences with the continued and smooth operation of the hotel business, have agreed,

---

[1] A list of HANYC Bargaining Group Hotels has been provided by the Association.

7

*Page 70:*

management or operational control of the Hotel or Concessionaire such that the party ("transferee") assuring such majority ownership, management or operational control must assume and be bound in writing to this Agreement.

Not less than five (5) business days prior to the closing of the transaction, the EMPLOYER shall give the UNION notice in writing of the transaction between the EMPLOYER and the transferee and the notice to the UNION will provide the full and complete identity of the transferee, together with a duly executed copy of the pertinent portion of the transaction agreement between the EMPLOYER and the transferee pursuant to which the transferee agrees to assume this Agreement.

Said notice will be held by the UNION in strict confidence and the UNION, upon request of the EMPLOYER, will agree to a confidentiality pledge upon terms mutually acceptable to the EMPLOYER and the UNION; provided however that such confidentiality pledge will be ineffective upon the EMPLOYER's violation of this Section 59. If the UNION is provided with a signed copy of the portion of the agreement where the transferee agrees to assume this Agreement, the UNION will not contact the transferee prior to the closing.

The EMPLOYER and UNION agree that, if a determination is made by the Impartial Chairman that a violation of Section 59 has occurred, then in such case, the violation will be deemed to be irreparably harmful to the UNION and its members. In such event, the UNION may seek such relief as is necessary to redress and remedy such violation and irreparable harm, including but not limited to an award of monetary damages and/or injunctive relief either from the Office of the Impartial Chairman, the National Labor Relations Board, a court of competent jurisdiction or such other forum as deemed appropriate by the UNION.

**ACCRETION AND NEUTRALITY/CARD CHECK**

**59. (A) Accretion.**

EMPLOYER agrees to the addition of any and all hotel or concessionaire properties which come to be owned and/or managed in the New York City area to the bargaining unit(s) presently or hereafter covered by the Industry Wide Agreement, or any successor collective bargaining agreement thereto, and that all of the terms and conditions set forth in the

*Page 71:*

Industry Wide Agreement or its successor shall be immediately applicable to the accreted bargaining unit(s).

The parties acknowledge that they have negotiated and exchanged valuable consideration in reliance upon the lawfulness and validity of their agreement but recognize the complexity and change inherent in the legal doctrine of accretion. Nevertheless, in the event that any accretion at a hotel or concessionaire pursuant to these provisions, applied to the fullest extent of such legal doctrine, should be ruled ineffective, invalid, or unenforceable by competent legal authority, then the parties hereby agree that the neutrality and card count agreement annexed hereto as Addendum IV shall apply to that hotel or concessionaire. For the purposes of this provision, "competent legal authority" shall mean the Office of the Impartial Chairman, the Regional Director for Region 2 or 29 of the National Labor Relations Board ("NLRB"), the United States District Courts for the Southern or Eastern Districts of New York, or the United States Court of Appeals for the Second Circuit.

The parties agree that they shall meet to review and discuss such particular facts and circumstances as either party may contend warrants mutually agreed upon revisions to the provisions of the Industry Wide Agreement, or successor collective bargaining agreement as the case may be.

**(B) Neutrality/Card Check.**

In addition to and without limiting the other provisions of this Section 60, EMPLOYERS shall abide and be bound by the neutrality and card check provisions annexed hereto as Addendum IV and incorporated herein by reference.

**MAINTENANCE AND ELECTRICAL WORK**

**61.** It is intended that employees to be classified as in the "Maintenance Department" shall include those engaged in doing plastering, mason work, tile setting, lathing and cement work; carpentry, plumbing and steamfitting, upholstering and its threads making; painting, furniture varnishing and paperhanging, operating and maintaining house radio systems, mechanical work on elevators; machine work, locksmithing and key work; silversmithing, coppersmithing and tinsmithing, boiler repair work.

The painting, decorating and paperhanging includes the service

70   71

09/18/2007  17:24   7184616832                    NORTHERN STAR REALTY              PAGE  11/19

after a union is decertified as bargaining agent. All contributing employers are urged to obtain legal advice as to the foregoing will toward liability.

### ADDENDUM IV

Company Name

Address

Dear _____

This letter agreement will confirm the discussions we have had regarding the procedures to be followed by the New York Hotel & Motel Trades Council ("Union") to organize certain employees at hotels and concessionaires at which Company acquires an ownership, management or control interest and the Union does not have representational rights ("Hotel"), and various other matters, including the resolution of disputes related to such organizational drive and/or the terms of this letter agreement ("Agreement") and any subsequent collective bargaining agreement.

**1. Use of Impartial Chairman**

The Impartial Chairman of the Hotel Industry of New York City ("Impartial Chairman") will conduct a "card count" to determine whether the Union has obtained valid cards from a majority of full-time and regular part-time employees of the Hotel employed in job classifications listed in Schedule A to the Industry Wide Agreement between the Union and the Hotel Association of New York City Inc. ("IWA"), designating the Union as their representative for purposes of collective bargaining (the "Cards") and to certify the result of the card count, all in accordance with the procedures set forth in Section III below. Full-time and regular part-time employees of the Hotel employed in job classifications listed in Schedule A shall be referred to throughout this Agreement as "Employees".

The Impartial Chairman also will resolve any and all disputes of any kind whatsoever arising out of this Agreement, or concerning the meaning or interpretation of any and all matters discussed herein, including but not limited to the terms and provisions of any collective bargaining agreement entered, or to be entered into, by and between the Hotel and the Union. Any costs incurred by the parties in instituting proceedings before the

111

09/18/2007  17:24  7184616832    NORTHERN STAR REALTY    PAGE 12/19

Impartial Chairman, or defending against the same, shall be the responsibility of the respective party. Costs charged by the Impartial Chairman shall be shared and paid equally by the parties. Any arbitration award or decision issued by the Impartial Chairman, written or otherwise, shall be final and binding upon the parties and subject to the provisions of Article 75 of the New York Civil Practice Law and Rules ("CPLR") including, but not limited to, the procedures to vacate or modify an award pursuant to Section 7511 of the CPLR, and shall be enforceable in a court of competent jurisdiction.

2. Union Access to the Hotel

The Union will begin its organization of the Hotel's employees at any time upon notice to the Hotel's General Manager. The Union will be permitted to have its organizers or representatives enter the Hotel to meet with Employees during the Employees' non-working times (for example, before work, after work, and during shift changes, meals and breaks) and/or during such other periods as the parties may mutually agree upon in writing. The Union may engage in organizing efforts in non-public areas of the Hotel such as the Employee mealrooms and locker rooms or such other non-public areas as the parties may mutually agree upon.

Within three (3) days following receipt of the above described written notice of intent to organize Employees, the Employer will furnish the Union with a complete list of such Employees, including both full and part-time Employees, showing their job classifications and departments, work schedules, wages, and benefits, and the home addresses and telephone numbers of all Employees. Thereafter, the Employer will promptly provide updated lists for the duration of the organizing drive.

There shall be no lockouts of the Employees by the Hotel and the Union shall not cause any disruption of work by the Employees during the organizing activity, nor shall there be any picketing, strikes, slow downs or other work stoppages at the Hotel by or caused by the Union for any purpose, including organizing, contract negotiations, dispute publication or enforcement of the terms of its Agreement. The "no lockout, no strike" provisions hereof shall not apply in the event either party fails to abide by an award or decision of the Impartial Chairman within three (3) business days after issuance. Both the Hotel and the Union agree to respect the National

112

Labor Relations Act ("NLRA") Section 7 rights of employees during the Union's organizing drive, and neither party shall, or be required to, act in contravention of those rights. The Hotel specifically agrees that its supervisory employees, its agents and/or its representatives will not act or make any statements that will directly or indirectly imply the Hotel's opinion as to whether or not the employees should support the Union or as to the reputation of the Union or any of its officers and affiliate local unions or as to the reputation of any of the officers of the Union's affiliate local unions and/or their parent unions.

3. Determination of Majority Status

At any time after the commencement date of the Union's organizing effort, the Union may request that a card count be conducted by the Impartial Chairman. The Union shall initiate that process by advising the Hotel's General Manager in writing ("Notification Letter") that it represents a majority of the full-time and regular part-time employees employed by the Hotel in the job classifications set forth in the IWA Schedule A. The date of the Union's Notification Letter shall be the date ("Notification Date") used for purposes of determining the composition of the list of the names of the Employees to be furnished by the Hotel to the Impartial Chairman, so that all full-time and regular part-time Employees of the Hotel employed on or before the Notification Date will be the only Employees whose names will appear on the list.

Within forty-eight (48) hours of the delivery of the Notification Letter by the Union to the Hotel indicating its majority status, the Union shall notify the Impartial Chairman in writing that his services are requested for purposes of conducting a card count. The Union shall immediately confirm to the Hotel's General Manager that the Impartial Chairman has retained jurisdiction of the card count proceeding. As soon as practicable thereafter, but in any event no later than seven (7) days after the date of the Union's written card count request made to the Impartial Chairman, the Union shall furnish to the Impartial Chairman the Cards it has obtained from the Employees, and the Hotel shall furnish the Impartial Chairman the list containing the names, job classifications and social security numbers of Employees employed as of the date of the Union's Notification Letter (with a copy to the Union) together with copies of official employment documents containing

113

ing the signatures of each of the Employees (e.g. Forms I-9, Form W4 or similar documents). In care of the Office of the Impartial Chairman, 321 West 44th Street, New York, New York 10036.

Within forty-eight (48) hours after his receipt of the documents described above, the Impartial Chairman shall conduct a card count by checking the Cards against the list of Employees and by comparing the Employees' names and signatures appearing on the Cards to the names and signatures appearing on the employment documents supplied to the Impartial Chairman by the Hotel. At the conclusion of the card count, the Impartial Chairman shall inform the parties of the results of his count and shall certify in writing that either the Union has or has not been selected by a majority of eligible Employees of the Hotel as their collective bargaining representative. Both the Hotel and the Union agree to abide by the determinations made by the Impartial Chairman regarding any challenges either to the validity of the Cards, the eligibility of Employees, the appropriateness of the unit and/or to the majority status of the Union.

If, after the conduct of the card count, the Union fails to be certified by the Impartial Chairman as the majority representative of the eligible Employees, this Agreement shall be deemed to continue in full force and effect, unless it is otherwise terminated in writing by mutual agreement of the parties. Notwithstanding any of the foregoing, seemingly to the contrary, the Hotel and Union also agree that the Impartial Chairman shall be empowered to issue such remedial orders as are consistent with applicable NLRB standards and necessary during and after the pendency of the Union's organization drive to ensure the maintenance of the neutral environment and/or to penalize the Hotel or the Union for violating their obligations hereunder, including an order to bargain in accordance with applicable NLRB standards, and/or monetary or punitive damages to either party.

If the Union is certified as the majority representative of the Employees, the Hotel must recognize the Union and the Hotel and the Union will commence negotiations within seven (7) calendar days of the date of the certification, at a mutually agreeable time and place, for a collective bargaining agreement covering wages, hours and other terms and conditions of employment (the "Agreement").

I believe that the above correctly describes our discussions on this matter. Please signify your concurrence by signing where indicated below

and returning one copy to me, the other being for your files.

Very truly yours,

Peter Ward
President

Executed, Agreed and Accepted
on behalf of Hotel/Company

By:_____
Name:_____
Title:_____
Date:_____

ADDENDUM V

Extra Room/Wage Equalization Lawsuit

a: Effective August 1, 1990:

(i) Room Attendants shall no longer be assigned to make up extra rooms without being compensated for them at the extra room rates specified in the Agreement.

(ii) The base weekly rates of pay for both bath and night shift room attendants will be equalized to the base weekly rates of pay of day shift room attendants.

In consideration of the foregoing, the parties shall immediately enter into a stipulation of settlement, and the Trades Council shall do everything necessary in accordance therewith, withdrawing and terminating the various actions in the United States District Court for the Southern District of New York entitled and referenced as: New York Hotel and Motel Trades Council, AFL-CIO, et al. v. Hotel Association of New York City, Inc. et al., 85 Civ. 0218, 0222, 0223, 0225, 0226, 0227, 0228, 0229, 0239, 0231, 1020 and 3925; and all proceedings relating thereto, including any and all charges or complaints filed with the Equal Employment Opportunity

114                                                            115

## DISTRIBUTION LIST

TO: Owner of BEST WESTERN CONVENTION CENTER
522 West 38th Street
New York, New York 10018
Fax (212) 947-1545

BY: Certified Mail, RRR and Facsimile

TO: INTERSTATE HOTELS & RESORTS, INC.
c/o Ms. Annie Dremstedt
4501 North Fairfax Drive
Arlington, VA 22203
Fax: (703) 387-3261

BY: Certified Mail, RRR & Facsimile

Robert G. Brody, Esq.
Brody and Associates, LLC
179 Post Road West
Westport, CT 06880
Fax: (203) 965-0569

BY: Email to Facsimile

Peter Chatilovicz, Esq.
Seyfarth Shaw
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
Fax: (202) 828-5393

BY: Email & Facsimile

Cc: Peter Ward
Brian Lysell
Richard Maroko, Esq
Vincent F. Pitta, Esq.
Barry N. Saltzman, Esq.
Joseph Farelli, Esq.

{00288848.DOC;}

09/18/2007 17:24   7184616832                NORTHERN STAR REALTY                       NO. 9974   P. 15/19
SEP. 14. 2007  1:09PM                                                                                P. 1/3

## OFFICE OF THE IMPARTIAL CHAIRPERSON
### 321 West 44th Street, Suite 400
### New York, NY 10036
### TEL: (212) 541-7212   FAX: (212) 541-9356

## NOTICE OF
## EMERGENCY HEARING
## FAX COVER SHEET

**TO:**   Paul Hewitt
Annie Dremstedt/Laura FitzRandolph
Interstate Hotels & Resorts
Fax No.:   703-387-3261

Robert G. Brody, Esq.
Brody and Associates, LLC
Fax No.:   203-965-0569

Wei Jei Liao
Best Western Convention Center
Fax No.:   947-1545

Peter Chatilovicz, Esq.
Seyfarth Shaw, LLP
Fax No.:   202-828-5393

KANE KESSLER PC - Attn: Doris Guntner, LA
Fax No.:   541-9799

PITTA & DREIER LLP/Attn: Vincent Pitta, Esq.; Barry Saltzman, Esq., Joseph Farelli, Esq.; Jane Lauer Barker, Esq.; Susan Gempler; Michael D'Angelo, Esq.
Fax No.:   652-3891

| | |
|---|---|
| Madelyn & Talia | 977-4550 |
| Rich Maroko | 977-4550 |
| Richard Amato | 764-0243 |
| Ward/Lysell | 977-5714 |

**RE:**     HTC #U07-398/EMERGENCY

**FROM:**   Cherril Dunn, Assistant to IC Administrator

**DATE:**   September 14, 2007

No. of pages: 3

09/18/2007 17:24  7184616832  NORTHERN STAR REALTY  NO. 9974  PAGE 16/19  P. 2/3
SEP. 14. 2007  1:09PM

## OFFICE OF THE IMPARTIAL CHAIRPERSON
### 321 WEST 44TH STREET, SUITE 400
### NEW YORK, NY 10036
### TEL: (212) 541-7212  FAX: (212) 541-0356

HOTEL ASSOCIATION OF NEW YORK CITY, INC.

NEW YORK HOTEL & MOTEL TRADES COUNCIL

9/14/2007

Paul Hewitt/Annie Dremstedt
Interstate Hotels & Resorts
4501 North Fairfax Drive
Arlington, VA 22203

Mr. Peter Ward
New York Hotel & Motel Trades Council
707 Eighth Avenue
New York, NY 10036

### Sent Via Facsimile to All Parties

A hearing will be held in this office (321 West 44th Street, Suite 400, New York City) on Thursday, September 20, 2007 at 2:00 PM in the matter of the request of the Hotel Trades Council concerning:

#U07-398/All Employees/Emergency hearing requested by the New YOrk Hotel & Motel Trades Council, AFL-CIO re: 1) Has the Hotel violated Agreement and Award #2007-22 & 2007-20CC by discharging employees & known Union supporters in retaliation for the exercise of their rights & in order to discourage the assertion of those rights? 2) Has the Hotel violated the Awards & the Agreement by refusing to provide information requested, bargain with the Union concerning the terms and conditions of its employees' employment & denying the Union access to Employees? 3) What shall be the remedy sought against the Employers, jointly & severally, for any of the above violations if found, including but not limited to backpay, injunctive relief, actual damages, punitive damages, fees & costs, statutory remedies, & the dollar amounts thereof.

In order that your interests may be protected, it is essential that you be present or represented at that time.

cc: David Rothfeld, Esq.
    Stephen Steinbrecher, Esq.
    Niki Franzitta, Esq.
    Christian White, Esq.
    Richard Amato
    Vincent Pitta, Esq.
    Barry Saltzman, Esq.
    Jane Lauer Barker, Esq.
    Joseph Farelli, Esq.
    Michael D'Angelo, Esq.
    Brian Lysell
    Madelyn Rivera
    Susan Gempler
    Rich Maroko
    Peter Chatilovicz, Esq.

09/18/2007 17:24  7184616832       NORTHERN STAR REALTY       NO. 9974   PAGE 17/19
SEP. 14. 2007  1:09PM                                                     P. 3/3

# OFFICE OF THE IMPARTIAL CHAIRPERSON
### 321 WEST 44TH STREET, SUITE 400
### NEW YORK, NY 10036
TEL: (212) 541-7212  FAX: (212) 541-9350

HOTEL ASSOCIATION OF NEW YORK CITY, INC.

NEW YORK HOTEL & MOTEL TRADES COUNCIL

9/14/2007

Wei Jei Liao
General Manager
Best Western Convention Center
522 West 36th Street
New York, NY 10018

Mr. Peter Ward
New York Hotel & Motel Trades Council
707 Eighth Avenue
New York, NY 10036

**Sent Via Facsimile to All Parties**

A hearing will be held in this office (321 West 44th Street, Suite 400, New York City) on Thursday, September 20, 2007 at 2:00 PM in the matter of the request of the Hotel Trades Council concerning:

#U07-398/All Employees/Emergency hearing requested by the New York Hotel & Motel Trades Council, AFL-CIO re: 1) Has the Hotel violated Agreement and Award #2007-22 & 2007-20CC by discharging employees & known Union supporters in retaliation for the exercise of their rights & in order to discourage the assertion of those rights? 2) Has the Hotel violated the Awards & the Agreement by refusing to provide information requested, bargain with the Union concerning the terms and conditions of its employees' employment & denying the Union access to Employees? 3) What shall be the remedy sought against the Employers, jointly & severally, for any of the above violations if found, including but not limited to backpay, injunctive relief, actual damages, punitive damages, fees & costs, statutory remedies, & the dollar amounts thereof.

In order that your interests may be protected, it is essential that you be present or represented at that time.

cc:  David Rothfeld, Esq.
     Stephen Steinbrecher, Esq.
     Niki Franzitta, Esq.
     Christian White, Esq.
     Richard Amato
     Vincent Pitta, Esq.
     Barry Saltzman, Esq.
     Jane Lauer Barker, Esq.
     Joseph Farelli, Esq.
     Michael D'Angelo, Esq.
     Brian Lysell
     Madelyn Rivera
     Susan Gempler
     Rich Maroko
     Robert Brody, Esq.

SEP. 19. 2007 12:01PM                                              NO. 0013   P. 1/3

## OFFICE OF THE IMPARTIAL CHAIRPERSON
321 West 44th Street, Suite 400
New York, NY 10036
TEL: (212) 541-7212   FAX: (212) 541-9356

### NOTICE OF EMERGENCY
### PEREMPTORY (V HOTEL) HEARING
### FAX COVER SHEET

**TO:**   Paul Hewitt
Annie Dremstedt/Laura FitzRandolph
Interstate Hotels & Resorts
**Fax No.:**   703-387-3261

Robert G. Brody, Esq.
Brody and Associates, LLC
**Fax No.:**   203-965-0569

Wei Jei Liao
Best Western Convention Center
**Fax No.:**   947-1545

Peter Chatilovicz, Esq.
Seyfarth Shaw, LLP
**Fax No.:**   202-828-5393

KANE KESSLER PC - Attn: Doris Guntner, LA
**Fax No.:**   541-9799

PITTA & DREIER LLP/Attn: Vincent Pitta, Esq.; Barry Saltzman, Esq., Joseph Farelli, Esq.; Jane Lauer Barker, Esq.; Susan Gempler; Michael D'Angelo, Esq.
**Fax No.:**   652-3891

| | |
|---|---|
| Madelyn & Talia | 977-4550 |
| Rich Maroko | 977-4550 |
| Richard Amato | 754-0243 |
| Ward/Lysell | 977-5714 |

**RE:**   HTC #U07-398/EMERGENCY

**FROM:**   Cherril Dunn, Assistant to IC Administrator

**DATE:**   September 19, 2007

No. of pages: 3

SEP. 19. 2007 12:01PM                                                                NO. 0013   P. 2/3

# OFFICE OF THE IMPARTIAL CHAIRPERSON

321 WEST 44TH STREET, SUITE 400
NEW YORK, NY 10036

TEL: (212) 541-7212  FAX: (212) 541-9356

HOTEL ASSOCIATION OF NEW YORK CITY, INC.          NEW YORK HOTEL & MOTEL TRADES COUNCIL

                                                  9/19/2007

                                                  Mr. Peter Ward
Paul Hewitt/Annie Dremstedt                       New York Hotel & Motel Trades Council
Interstate Hotels & Resorts                       707 Eighth Avenue
4501 North Fairfax Drive                          New York, NY 10036
Arlington, VA 22203

<u>Sent Via Facsimile to All Parties</u>
<u>**MARKED PEREMPTORILY AGAINST MANAGEMENT**</u>

A hearing will be held in this office (321 West 44th Street, Suite 400, New York City) on **Wednesday, September 26, 2007 at 1:00 PM** in the matter of the request of the Hotel Trades Council concerning:

#U07-398/All Employees/Emergency hearing requested by the New YOrk Hotel & Motel Trades Council, AFL-CIO re:  1) Has the Hotel violated Agreement and Award #2007-22 & 2007-20CC by discharging employees & known Union supporters in retaliation for the exercise of their rights & in order to discourage the assertion of those rights?  2) Has the Hotel violated the Awards & the Agreement by refusing to provide information requested, bargain with the Union concerning the terms and conditions of its employees' employment & denying the Union access to Employees?  3) What shall be the remedy sought against the Employers, jointly & severally, for any of the above violations if found, including but not limited to backpay, injunctive relief, actual damages, punitive damages, fees & costs, statutory remedies, & the dollar amounts thereof.

In order that your interests may be protected, it is essential that you be present or represented at that time.

cc:   David Rothfeld, Esq.
      Stephen Steinbrecher, Esq.
      Niki Franzitta, Esq.
      Christian White, Esq.
      Richard Amato
      Vincent Pitta, Esq.
      Barry Saltzman, Esq.
      Jane Lauer Barker, Esq.
      Joseph Farelli, Esq.
      Michael D'Angelo, Esq.
      Brian Lysell
      Madelyn Rivera
      Susan Gempler
      Rich Maroko
      Peter Chatilovicz, Esq.

SEP. 19. 2007 12:02PM                                                      NO. 0013   P. 3/3

# OFFICE OF THE IMPARTIAL CHAIRPERSON

321 WEST 44TH STREET, SUITE 400
NEW YORK, NY 10036

TEL: (212) 541-7212   FAX: (212) 541-9356

HOTEL ASSOCIATION OF NEW YORK CITY, INC.

NEW YORK HOTEL & MOTEL TRADES COUNCIL

9/19/2007

Mr. Peter Ward
New York Hotel & Motel Trades Council
707 Eighth Avenue
New York, NY 10036

Wei Jei Liao
General Manager
Best Western Convention Center
522 West 38th Street
New York, NY 10018

### Sent Via Facsimile to All Parties
### MARKED PEREMPTORILY AGAINST MANAGEMENT

A hearing will be held in this office (321 West 44th Street, Suite 400, New York City) on **Wednesday, September 26, 2007 at 1:00 PM** in the matter of the request of the Hotel Trades Council concerning:

#U07-398/All Employees/Emergency hearing requested by the New YOrk Hotel & Motel Trades Council, AFL-CIO re: 1) Has the Hotel violated Agreement and Award #2007-22 & 2007-20CC by discharging employees & known Union supporters in retaliation for the exercise of their rights & in order to discourage the assertion of those rights? 2) Has the Hotel violated the Awards & the Agreement by refusing to provide information requested, bargain with the Union concerning the terms and conditions of its employees' employment & denying the Union access to Employees? 3) What shall be the remedy sought against the Employers, jointly & severally, for any of the above violations if found, including but not limited to backpay, injunctive relief, actual damages, punitive damages, fees & costs, statutory remedies, & the dollar amounts thereof.

In order that your interests may be protected, it is essential that you be present or represented at that time.

cc:   David Rothfeld, Esq.
      Stephen Steinbrecher, Esq.
      Niki Franzitta, Esq.
      Christian White, Esq.
      Richard Amato
      Vincent Pitta, Esq.
      Barry Saltzman, Esq.
      Jane Lauer Barker, Esq.
      Joseph Farelli, Esq.
      Michael D'Angelo, Esq.
      Brian Lysell
      Madelyn Rivera
      Susan Gempler
      Rich Maroko
      Robert Brody, Esq.