PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
*Attorneys for Respondent/Third Party Plaintiff*
*New York Hotel and Motel Trades Council, AFL-CIO*

Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X
522 W. 38th St. NY LLC d/b/a BEST WESTERN
CONVENTION CENTER,                                    :    Case No. 07-Civ-8230 (JER)
                                                      :
                Petitioner,                           :
                                                      :
        -against-                                     :
                                                      :
NEW YORK HOTEL & MOTEL                                :    **THIRD PARTY COMPLAINT**
TRADES COUNCIL, AFL-CIO,                              :
                                                      :
                Respondent.                           :
                                                      :
        -and-                                         :
                                                      :
NEW YORK HOTEL & MOTEL                                :
TRADES COUNCIL, AFL-CIO,                              :
                                                      :
                Third Party Plaintiff,                :
                                                      :
        -against-                                     :
                                                      :
UNITED STAFFING GROUP, LLC,                           :
                                                      :
                Third Party Defendant.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - X



Respondent/Third Party Plaintiff NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO ("Respondent" or "Union" or "Third Party Plaintiff"), by its undersigned counsel, Pitta & Dreier LLP, for its Third Party Complaint alleges as follows:

{00293794.DOC;}

## NATURE OF ACTION

1. This Third Party action is brought by the Union pursuant Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

3. Venue lies in this district under Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. The Union is a "labor organization" as defined in Section 2(5) of the LMRA, 29 U.S.C. §152(5). The Union represents employees performing various trades in the New York City hotel and restaurant industry, an industry affecting "commerce" as defined in Section 2(6) of the LMRA, 29 U.S.C. §152(6). At all relevant times, the Union has sought to represent employees employed by the Best Western Hotel in various defined job positions as their collective bargaining representative pursuant to the provisions of the LMRA.

5. 522 W.38th St. NY LLC d/b/a Best Western Convention Center ("Petitioner" or "Hotel LLC") is a limited liability company and an "employer" in an industry affecting commerce as respectively defined by Sections 2(2) and (6) of the LMRA, 29 U.S.C. §§152(2) and (6). Petitioner provides hotel accommodations and services at the Hotel located at 522 West 38th Street, New York, New York 10018. Employees of the Best Western Hotel work in defined job positions commonly represented by the Union. The Hotel LLC is the owner of the hotel

doing business as the Best Western Convention Center Hotel ("Best Western Hotel") located at 522-24 W.38th Street, New York, N.Y.

6. Upon information and belief, Third Party Defendant United Staffing Group, LLC ("United") is a New York limited liability company and an "employer" in an industry affecting commerce as respectively defined by Sections 2(2) and (6) of the LMRA, 29 U.S.C. §§152(2) and (6), with offices at 37-09 Main Street, Suite 3B, Flushing, N.Y. 11354.

7. Upon information and belief, United first filed its incorporation papers with the New York State Department of State on August 22, 2007.

## COMMON FACTS

8. The Office of the Impartial Chairperson commonly known as Office of the Impartial Chairperson of the Hotel Industry of New York City ("Office of the Impartial Chairperson" or "Impartial Chairperson") is an office which administers the labor arbitration hearings for the panel of arbitrators designated under an industry-wide collective bargaining agreement ("IWA") between the Union and the Hotel Association of New York City, Inc. to adjudicate and resolve disputes between the parties and other employers such as the Hotel.

9. On January 15, 2004, the Union and Interstate Hotels & Resorts ("Interstate") entered into a Memorandum of Agreement ("MOA") under which Interstate agreed to allow employees of New York City area hotels which it "owned, operated or managed" or come to be so "owned, operated or managed" since July 2001, to choose whether they wanted to be represented by the Union under industry-wide card check and neutrality procedures.

10. The MOA restated the parties' agreement set forth in Addendum IV to the July 1, 2001 IWA. Under the industry's Addendum IV card-check and neutrality procedures, the Union presents to the Imperial Chairperson authorization cards signed by hotel employees in an employer-neutral environment, which the Impartial Chairperson verifies and tallies, announcing whether the Union has the majority support of hotel employees. Paragraph 4 of the MOA provides that: "Any disputes regarding the interpretation or application of this Agreement shall be subject to the grievance and arbitration provisions of the IWA, which are incorporated herein by reference".

11. Procedures of this nature and form have been enforced by the United States Court of Appeals for the Second Circuit.

12. Article 26 of the IWA contains an extremely broad arbitration clause providing, in relevant part, that:

> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairman, and his/her decision shall be final and binding upon the parties hereto.
>
> In the event of a willful default by either party in appearing before the Impartial Chairman, after due written notice shall have been given to the said party, the Impartial Chairman is hereby authorized to render a decision upon the testimony of the party appearing.
>
> The parties consent that any papers, notices or process, including subpoenas, necessary or appropriate to initiate or continue an arbitration hereunder or to enforce or confirm an award, may be served by ordinary mail directed to the last known address of the parties or their attorneys, or when authorized by the Impartial Chairman, by telegram, facsimile or telephone.

* * *

> The Impartial Chairman may call such arbitration hearing on giving five (5) days' notice to all of the interested parties. The Impartial Chairman, however, may call a hearing on shorter notice if he/she deems it appropriate.
>
> The parties hereby expressly waive the requirements regarding the Arbitrator's oath and the manner and time for the service of notice of hearing contained in the Civil Practice Law and Rules of the State of New York and agree and consent that the Impartial Chairman may proceed with the hearing.

13. Upon information and belief, in 2005 Petitioner entered into a series of documents constituting the Hotel management agreement with Interstate ("Management Agreement") under which Interstate agreed to operate and manage the Hotel expressly as Petitioner's agent.

14. As a matter of law and fact, Interstate actually operated as a joint employer at the Hotel with the Petitioner.

15. Pursuant to the MOA and IWA, the Union demanded arbitration in 2006 seeking to have the Best Western Hotel and Interstate comply with the MOA and IWA card count neutrality provisions.

16. At no relevant time did Hotel LLC notify the Union of any purported limitation on or revocation of Interstate's authority as agent. The Union reasonably relied to its detriment on Interstate's authority as agent.

17. An arbitration was held on March 1, 2007 and IC Award No. 2007-22 issued on April 10, 2007, (the "April 10 Award") finding that the Best Western Hotel was bound to the MOA through Interstate.

18. The Union again demanded arbitration alleging the Hotel's attempts to threaten and intimidate employees in continuous violation of the MOA and IWA Article 60/Addendum IV. Arbitration was held on August 8, 2007 concerning such violations and a Consent Award was issued on that date, IC Award No. 2007-57 (the "Consent Award").

19. On August 24, 2007, pursuant to the card-check neutrality provisions, the Impartial Chairperson examined the authorization cards presented by the Union and employer documents presented by the Hotel through Interstate. Based on the presentation, the Impartial Chairman certified the Union as the exclusive bargaining representative of the Hotel's employees as set forth in IC Award No. 2007-20CC (the "Certification Award").

### FIRST THIRD PARTY CLAIM FOR RELIEF AGAINST UNITED STAFFING GROUP AS AGENT, JOINT EMPLOYER, SINGLE EMPLOYER OR ALTER EGO OF THE HOTEL

20. Third Party Plaintiff repeats and realleges each of the allegations contained in paragraphs "1" through "19" as if set forth here at length.

21. Hotel LLC sent Interstate letters throughout August accusing Interstate of violating its management agreement. Hotel LLC sent these letters because it did not want to recognize or bargain with the Union despite the Certification Award. Hotel LLC also sent its letters because it did not want most employees who supported the Union to work at the Best Western Hotel because of their support for the Union.

22. Hotel LLC, its principals, employees, agents or other persons acting on its behalf formed United in August for the purpose of replacing Interstate at the Best Western Hotel because of Interstate's agreements with the Union. Hotel LLC thereby attempted to avoid

bargaining with the Union or having a majority of Union supporters employed at the Best Western Hotel because of their support for the Union.

23. On or about September 10, 2007, Hotel LLC purported to replace Interstate as manager of the Best Western Hotel. All employees in the unit represented by the Union lost their jobs.

24. In or about September 2007, United and Hotel LLC by their principals, employees, agents or other persons acting on their behalf rehired a number of Best Western Hotel employees. Hotel LLC and United refused to hire the remaining employees because they believed those employees supported or would support the Union.

25. Since September 2007, the Hotel and United have refused to recognize and bargain with the Union.

26. United is bound to the Awards, to arbitrate any disputes including compliance and its status as employer, and to recognize and bargain with the Union through its principal Hotel LLC.

27. Hotel LLC and United share common operations, ownership, management and labor control, among other factors. United is bound to the Awards, to arbitrate any disputes including compliance and its status as employer, and to recognize and bargain with the Union as a joint employer, single employer, or alter ego of Hotel LLC.

### SECOND THIRD PARTY CLAIM FOR RELIEF AGAINST UNITED STAFFING GROUP AND HOTEL, LLC

28. Third Party Plaintiff repeats and realleges each of the allegations contained in paragraphs "1" through "27" as if set forth here at length.

29. United hired former Best Western Hotel employees as a majority of its representative complement of Hotel employees in September 2007.

30. Alternatively, if United did not hire former Best Western Hotel employees as a representative complement of the Hotel's employees in September 2007, it did so by refusing to hire those employees it believed supported or would support the Union, for the purpose of avoiding the Union.

31. United is bound to the Awards, to arbitrate any disputes including compliance and its status as employer, and to recognize and bargain with the Union as successor to Interstate and as the agent of Hotel LLC. Similarly, the Hotel is a successor to Interstate through its agent, joint employer or alter ego United.

WHEREFORE, Respondent/Third Party Plaintiff requests that the Petition be dismissed and judgment be entered confirming the Awards in all respects against the Hotel LLC, Best Western Hotel and United, together with whatever further relief this Court deems fair and appropriate.

Dated: New York, New York
       October 15, 2007

Respectfully submitted,

PITTA & DREIER LLP
*Attorneys for Respondent/Third Party Plaintiff
New York Hotel and Motel Trades Council,
AFL-CIO*

By: _____
     Barry N. Saltzman (BS 6533)
499 Park Avenue
New York, New York 10022
(212) 652-3890

Of Counsel:
    Vincent F. Pitta (VP 1435 )
    Michael J. D'Angelo (MD 3030)

TO:    Robert G. Brody, Esq.
    Brody and Associates, LLC
    *Attorneys for Petitioner*
    67 Wall Street, Suite 2211
    New York, New York 10005

        - and -

    179 Post Road West
    Westport, CT 06880

    UNITED STAFFING GROUP, LLC
    37-09 Main Street
    Suite 3B
    Flushing, New York 11354