```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
522 W. 38TH ST. NY LLC,             :
                                    :
            Petitioner,             :    07 Civ. 8230 (JSR)
                                    :
        -v-                         :    MEMORANDUM
                                    :
NEW YORK HOTEL & MOTEL TRADES       :
COUNCIL, AFL-CIO,                   :
                                    :
            Respondent.             :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-23-07

JED S. RAKOFF, U.S.D.J.

By Order dated October 17, 2007, this Court denied petitioner's motion for reconsideration of its motion for a stay of arbitration that was orally denied on September 26, 2007 by the Honorable Kevin Duffy acting as Part I Judge. See transcript, 9/26/07. This Memorandum states the reasons for the Court's Order of October 17, 2007.

Although motions for reconsideration are disfavored, see Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), and although petitioner failed to apprise Judge Duffy of many of the citations and arguments it now relies on, nevertheless the Court has chosen to address the underlying motion de novo. Having done so, however, the Court agrees with Judge Duffy that the motion for a stay of arbitration should be denied.

The standard for a preliminary injunction is clear. "A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor,

and (2) a likelihood of irreparable harm if the requested relief is denied." Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007). Injunctive relief is an extraordinary remedy and one not lightly to be given. See, e.g., Register.com v. Verio, Inc., 356 F.3d 393, 426 (2d Cir. 2004). If anything, it is particularly disfavored when its effect, if granted, would be to stay an ongoing labor arbitration. Cf. Emery Air Freight Corp. V. Local Union 295, 786 F.2d 93, 100 (2d Cir. 1986) (noting that arbitration is "the preferred method for resolving labor disputes").[1]

Petitioner claims that it is irreparable harm per se if a non-party to an arbitration agreement is forced to arbitrate, while respondent argues that the cases so holding are distinguishable. However, in their briefing and oral argument before this Court, neither party found a case evidencing a fact pattern like the one present here, where there is a conceded arbitration agreement covering the subject matter of the underlying labor dispute, and where the central question is whether petitioner's agent, who had agreed to the arbitration agreement prior to entering into an agency relationship with petitioner, had the authority to bind petitioner.

---

[1] Although the arbitration at issue here had not yet begun at the time the motion for a stay was originally denied by Judge Duffy, the arbitration has now begun. Thus, granting an injunction would in effect disrupt the arbitration and alter the status quo, making the injunction now sought in this case akin to a mandatory injunction, which courts are reluctant to grant. See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 33-34 (2d Cir. 1995) (setting forth higher standard when mandatory injunction is requested).

See transcript, 10/17/07.  Moreover, with arbitration already ongoing, the main injury petitioner points to is economic in nature, i.e., the costs and disruptive effects of arbitration, which can be addressed through non-injunctive relief.

Assuming arguendo, however, that petitioner has made out a case for irreparable harm, petitioner has not shown that it is likely to prevail on the merits.  The authority of petitioner's agent, either actual or apparent, is a hotly disputed issue between the parties and yet petitioner has, even in this motion for reconsideration, failed to adduce any evidence on this issue, offering only argument.

Indeed, in the absence of material evidence on this issue, it is doubtful that petitioner has even shown that there are serious issues going to the merits.  But even assuming arguendo that there are such issues, the balance of hardships favors, if anyone, the respondent.  Petitioner says that there are ongoing disruptive effects that it is suffering, but it appears from counsel's representations to the Court that this is largely the result of labor picketing outside the hotel, rather than a result of the arbitration. See transcript, 10/17/07.  The picketing, however, is not before the Court.  Conversely, if the motion were granted, respondent would suffer a stay of an ongoing arbitration that, if successful for respondent, would prevent the steps toward non-unionization of the hotel that petitioner is seeking to implement.

Accordingly, the petitioner has not made out the elements that would entitle it to preliminary injunctive relief.

3

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       October 22, 2007