ROBERT G. BRODY (RGB6461)
BRODY AND ASSOCIATES, LLC
179 Post Road West
Westport, Connecticut 06880
(203) 965-0560

Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

522 W.38th St. NY LLC d/b/a BEST          :    CASE NO. 07-CIV-8230 (JER)
WESTERN CONVENTION CENTER                 :
                                          :
          Petitioner,                     :
                                          :
     -against-                            :    REPLY TO RESPONDENT'S
                                          :    COUNTERCLAIM
NEW YORK HOTEL & MOTEL                    :
TRADES COUNCIL, AFL-CIO,                  :
                                          :
          Respondent.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Petitioner, 522 W.38th St. NY LLC d/b/a BEST WESTERN CONVENTION CENTER ("Best Western"), by its undersigned attorneys, responds to the Counterclaim of Respondent NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO ("Union") filed with this court on October 10, 2007, as follows:

1. Admits Best Western is a limited liability company which provides hotel accommodations and services at the Best Western Convention Center Hotel located at 522 W.38th Street, New York, New York 10018. Petitioner lacks knowledge and sufficient information to form a belief as to what type of

employees are commonly represented by the Union. All other averments of Paragraph (24) of the Counterclaim are denied.

2. Admits the averments of the first two sentences of Paragraph (25) of the Answer and Counterclaim. Lacks knowledge and sufficient information to form a belief as to the truth of the averments of the remaining averments of Paragraph (25).

3. Admits the averments of Paragraph (26) of the Counterclaim except for the end of the averment which states "such as the Hotel." All remaining averments of Paragraph (26) are denied.

4. Admits the averments of Paragraph (27) of the Counterclaim.

5. Denies the averments of the first sentence of Paragraph (28), as Petitioner was not a party to the Memorandum of Agreement. All remaining averments of Paragraph (28) of the Counterclaim are admitted.

6. Lacks knowledge and sufficient information to form a belief as to the truth of the averments of Paragraph (29) of the Counterclaim.

7. Admits the averments of Paragraph (30) of the Counterclaim.

8. Admits Petitioner entered into a series of agreements with Interstate in 2005. Denies all remaining averments of Paragraph (31) of the Counterclaim.

9. Denies the averments of Paragraph (32) of the Counterclaim.

10. Lacks knowledge and sufficient information to form a belief as to the truth of the averments of Paragraph (33) of the Counterclaim.

11. Denies the averments of Paragraph (34) of the Counterclaim.

12. Admits the averments of Paragraph (35) of the Counterclaim.

13. Denies the averments of Paragraph (36) of the Counterclaim.

14. Denies the averments of Paragraph (37) of the Counterclaim.

15. Petitioner incorporates by reference the averments of Paragraphs (1) – (14) of this Reply as if fully set forth in this paragraph.

16. Denies the averments of Paragraph (38) of the Second Counterclaim.

17. Lacks knowledge and sufficient information to form a belief as to the truth of the averments of the first sentence of Paragraph (39) of the Second Counterclaim. All remaining averments of Paragraph (39) of the Second Counterclaim are admitted.

18. Denies the averments of the first sentence of Paragraph (40) of the Second Counterclaim. Admits that Petitioner had no knowledge the Consent Award was going to be executed and therefore, admits Petitioner did not notify the Union of any limitation on Interstate's authority as its agent. All remaining averments of Paragraph (40) of the Second Counterclaim are denied.

19. Denies the averments of Paragraph (41) of the Second Counterclaim.

20. Petitioner incorporates by reference the averments of Paragraphs (1) – (19) of this Reply as if fully set forth in this paragraph.

21. Denies the averments of Paragraph (42) of the Third Counterclaim.

22. Admits the averments of Paragraph (43) of the Third Counterclaim.

23. Admits the averments of the second sentence of Paragraph (44) of the Third Counterclaim. All remaining averments of Paragraph (44) of the Third Counterclaim are denied.

24. Denies the averments of Paragraph (45) of the Third Counterclaim.

25. Petitioner incorporates by reference the averments of Paragraphs (1) – (24) of this Reply as if fully set forth in this paragraph.

26. Denies the averments of Paragraph (46) of the Fourth Counterclaim.

27. Lacks knowledge and sufficient information to form a belief as to the truth of the averments of Paragraph (47) of the Fourth Counterclaim.

28. Lacks knowledge and sufficient information to form a belief as to the truth of the averments of Paragraph (48) of the Fourth Counterclaim.

29. Admits Petitioner sent letters to Interstate throughout August. Denies the sole substance of those letters were accusations that Interstate violated the Management Agreement. Denies all remaining averments of Paragraph (49) of the Fourth Counterclaim.

30. Denies the averments of Paragraph (50) of the Fourth Counterclaim.

31. Admits the averments of the first sentence of Paragraph (51) of the Fourth Counterclaim. Denies all remaining averments of Paragraph (51) of the Fourth Counterclaim.

32. Denies the averments of Paragraph (52) of the Fourth Counterclaim.

33. Admits that since September 2007, Petitioner and United have refused to recognize the Union. Denies all remaining averments of Paragraph (53) of the Fourth Counterclaim.

34. Denies the averments of Paragraph (54) of the Fourth Counterclaim.

35. Petitioner incorporates by reference the averments of Paragraphs (1) – (34) of this Reply as if fully set forth in this Paragraph.

36. Denies the averments of Paragraph (55) of the Fifth Counterclaim.

37. Denies the averments of Paragraph (56) of the Fifth Counterclaim.

38. Denies the averments of Paragraph (57) of the Fifth Counterclaim.

39. Denies the averments of Paragraph (58) of the Fifth Counterclaim and the Union's "Wherefore" clause.

## FIRST AFFIRMATIVE DEFENSE

40. All of the Union's Counterclaims are barred under the doctrine of Unclean Hands.

WHEREFORE, Petitioner Chelsea Grand requests that all of the Union's Counterclaims be dismissed and Petitioner be granted all further relief as deemed just and appropriate by this Court.

Dated: 10/30/07

Robert G. Brody (RB 6461)
Attorney for Petitioner
Brody and Associates, LLC
67 Wall Street, Suite 2211
New York, New York 10005

Please direct all correspondence to:
179 Post Road West
Westport, Connecticut 06880

OF COUNSEL:

Robert A. Rubenfeld, Esq.(RR5143)
Todtman, Nachamie, Spizz & Johns, P.C.
425 Park Ave.
New York, New York 10022
Tel: (212)754-9400

TO: Michael J. D'Angelo (MD 3030)
Barry N. Saltzman (BS6533)
PITTA & DREIER LLP
Attorneys for Respondent
499 Park Avenue
New York, New York 10022