# STEPHEN H. WEINER

LAW OFFICE OF STEPHEN H. WEINER
575 Lexington Avenue, Suite 2840
New York, New York 10022

(212) 566-4669

Fax (212) 888-3182
E-Mail SteveHW@aol.com

November 13, 2007

Via ECF
Honorable Judge Jed S. Rakoff
United States Courthouse
500 Pearl Street, Room 1340
New York, New York 10007

> Re: 522 W. 38th St. NY LLC d/b/a Best Western Convention Center
> v. Defendant and Third Party Plaintiff New York Hotel & Motel
> Trades Council, AFL-CIO v. Third Party Defendant United Staffing Group,
> LLC, Case No. 07-Civ.-8230 (JSR)

Dear Judge Rakoff:

I represent the Third Party Defendant United Staffing Group, LLC ("United"). United hereby moves the Court for leave to answer or otherwise respond to the Third Party Complaint within twenty (20) days of the service of the Amended Summons and Amended Third Party Complaint, pursuant to Rule 12 (a)(1)(A) and Rule 15(a) FRCP, without the limitation to an answer insisted upon by the Third Party Plaintiff New York Hotel & Motel Trades Council, AFL-CIO ("Trades Council"). On November 7, 2007, when leave to make this motion was granted originally, the Trades Council asserted that the United may answer in no more than ten (10) days from service of the Amended Summons. Since that telephone conference, the Trades Council has advised the undersigned that its new position is that United may answer in twenty (20) days, but it may not make any dispositive motion (for example, a motion for failure to state a claim) required to be made before a pleading by Rule 12(b) Fed. R. Civ. P. As set forth below, United's position is supported by the apposite case law and the Trades Council's position is not.

Background

United is a New York Limited Liability Corporation with its office in Flushing, Queens, New York. It employs persons who work at the Hotel in Manhattan that is the subject of this action.

Hon. Jed S. Rakoff
November 13, 2007
Page 2

On October 18, 2007, the Trades Council purported to serve United with the original Third Party Summons and Third Party Complaint. A copy of the Third Party Summons is attachment one hereto. The Third Party Summons was plainly defective because it required United to serve an Answer on "Robert G. Brody, Esq., Brody & Associates, LLC," that was misidentified as the counsel for the Third Party Plaintiff. In fact, the counsel for Third Party Plaintiff is the firm of Pitta & Dreier LLP. Rule 4(a) provides in relevant part that "The summons shall...state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff." Rule 4 ( c )(1) FRCP provides in relevant part that "A summons shall be served together with a copy of the complaint."

On November 6, 2007, United advised the Trades Council that because of the defect in the Summons, that United was going to ask this Court for leave to move to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) Fed. R. Civ. P. As a courtesy, counsel for United agreed to accept service of an Amended Summons, provided that United would have twenty (20) days from its service to answer or otherwise respond to the pleading.[1] Counsel for the Third Party Plaintiff refused, and stated that ten days would be permitted for an answer alone. Therefore, counsel for all parties contacted the Court on November 7, 2007 to address United's application for leave to move to dismiss the Complaint. This Court granted leave to make the application.

On November 9, 2007, the Third Party Plaintiff filed an Amended Summons and an Amended Third Party Complaint. See attachment hereto (first page of Amended pleading). That day the Amended Summons and the Amended Third Party Complaint were served by hand on United's undersigned counsel.

Argument

United is entitled to twenty days to Answer or otherwise respond to the Amended Third Party Complaint for the following reasons. This Court lacked personal jurisdiction over United based on the defective Summons that was served with the original Complaint. Personal jurisdiction began on November 9, 2007 based on the acceptance of service of the Amended Summons and the Amended pleading. Defendants are permitted to

---

[1]After the undersigned counsel's retention on October 24, 2007, United requested that the Trades Council grant a thirty-day extension of United's time to answer or respond to the original complaint. Counsel for the Third Party Plaintiff refused to grant more than a one-week extension, with that extension conditioned upon there being "1) no issue of service; 2) answer and other pleading only, no motion or other "response"; 3) Mr. Brody [counsel for the Petitioner] agrees in writing (email will do)." If any of the conditions was not met, then the Trades Council refused to grant any extension. The Trades Council did not modify its no-extension position until United brought the summons defect to its attention.

Hon. Jed S. Rakoff
November 13, 2007
Page 3

move to dismiss amended pleadings.  In <u>Spooner v. Calcagno and Drexel Burnham, Lambert, Inc.,</u> 1986 U.S. Dist. LEXIS 16605 (S.D.N.Y. December 11, 1986) at p.1, Judge Leisure addressed a similar situation:

> After plaintiff commenced the action by filing her complaint, defendants noted at a pretrial conference that they would make a motion to dismiss the plaintiff's complaint, pursuant to Fed. R. Civ. P. 9(b), unless plaintiff voluntarily repleaded the complaint.  Plaintiff declined to do so, thus, the Court permitted defendants to make their motion.

> Subsequent to this conference, but prior to the initiation of any motion practice by defendants, plaintiff's counsel voluntarily repleaded the complaint. Defendants examined the amended complaint and considered it to be deficient as well.  Consequently, they contacted the Court and were granted leave to, and did, make a motion to dismiss the amended complaint.

The court granted the motion to dismiss the amended complaint.  <u>Id.</u> at p. 4.  This case is no different.  After a conference the Third Party Plaintiff voluntarily repleaded the complaint and amended the summons.  United is reviewing the Amended pleading and has not yet determined whether it will make a dispositive motion.  If it decides to do so, it will seek permission from this Court in accordance with this Court's rules.   However, there is no legal basis for the Trades Council's position that a Rule 12 motion (other than as to personal jurisdiction which is now conceded) is precluded.   In sum, the Trades Council's position is incorrect, and United should have twenty days to respond to the Amended Pleading, whether by answer or by motion with leave of this Court.

Respectfully submitted,


        /s/


Stephen H. Weiner
SHW 7944