UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

522 W. 38th St. NY LLC d/b/a BEST WESTERN
CONVENTION CENTER,

        Petitioner,

  -against-                                        Case No. 07-Civ-8230 (JER)

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO,                ANSWER OF
                                                        THIRD PARTY DEFENDANT
        Third Party Plaintiff,                UNITED STAFFING GROUP,
                                                        LLC
-against-

UNITED STAFFING GROUP, LLC,

        Third Party Defendant.
------------------------------------------------------------------X

        Third Party Defendant UNITED STAFFING GROUP, LLC, by its undersigned counsel, responds to the Amended Third Party Complaint of NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO ("Trades Council"), as follows:

        1. With respect to the allegations contained in paragraph 1, admits that the Third Party Plaintiff purports to bring this Third Party action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

        2. With respect to the allegations contained in paragraph 2, no response is required for it calls for a legal conclusion.

        3. With respect to the allegations contained in paragraph 3, no response is required for it calls for a legal conclusion.

        4. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. With respect to the allegations contained in paragraph 5, admits upon information and belief that 522 W. 38th St. NY LLC d/b/a Best Western Convention Center ("Petitioner") is a limited liability company, that Petitioner provides hotel accommodations and services at the Hotel located at 522 West 38th Street, New York, New York 10018, and that the Petitioner is the owner of the hotel doing business as the Best Western Convention Center Hotel ("Best Western Hotel") located at 522-24 W. 38th Street, New York, New York. Lacks knowledge or information sufficient to form a belief as to the other allegations contained in paragraph 5.

6. With respect to the allegations contained in paragraph 6, admits that United Staffing Group, LLC is a New York limited liability company with offices at 37-09 Main Street, Suite 3B, Flushing, New York 11354. As to the remainder of the allegations contained in paragraph 6, no response is required because it calls for a legal conclusion.

7. Admits the allegations contained in paragraph 7.

8. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

9. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9, and respectfully refers the Court to the Memorandum of Agreement for the contents thereof.

10. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10, and respectfully refers the Court to the Addendum IV and the Memorandum of Agreement for the contents thereof.

11. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11.

12. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12, and respectfully refers the Court to the IWA for the contents thereof.

13. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13, and respectfully refers the Court to the documents referred to for the contents thereof.

14. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14.

15. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15.

16. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17, and respectfully refers the Court to the April 10 Award for the contents thereof.

18. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18, and respectfully refers the Court to the Consent Award for the contents thereof.

19. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19, and respectfully refers the Court to the Certification Award for the contents thereof.

## RESPONSE TO FIRST THIRD PARTY CLAIM FOR RELIEF

20. Repeats and realleges the responses to the allegations contained in paragraphs

"1" through "19" as if set forth herein.

21. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21, and respectfully refers the Court to any letters referred to for the contents thereof.

22. Denies the allegations contained in paragraph 22.

23. With respect to the allegations contained in paragraph 23, admits upon information and belief that on September 10, 2007, Interstate was replaced by the Third Party Defendant as the manager of the Best Western Hotel, that Interstate terminated all employees at the hotel, and lacks knowledge or information sufficient to form a belief as to the rest of the allegations.

24. Denies the allegations contained in paragraph 24 except admits that the Third Party Defendant rehired a number of Best Western Hotel employees.

25. Denies the allegations contained in paragraph 25, except lacks knowledge or information sufficient to form a belief as to whether the Hotel has refused to recognize and bargain with the Union.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

### RESPONSE TO SECOND THIRD PARTY CLAIM FOR RELIEF

28. Repeats and realleges the responses to the allegations contained in paragraphs "1" through "27" as if set forth herein.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

"1" through "19" as if set forth herein.

21. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21, and respectfully refers the Court to any letters referred to for the contents thereof.

22. Denies the allegations contained in paragraph 22.

23. With respect to the allegations contained in paragraph 23, admits upon information and belief that on September 10, 2007, Interstate was replaced by the Third Party Defendant as the manager of the Best Western Hotel, that Interstate terminated all employees at the hotel, and lacks knowledge or information sufficient to form a belief as to the rest of the allegations.

24. Denies the allegations contained in paragraph 24 except admits that the Third Party Defendant rehired a number of Best Western Hotel employees.

25. Denies the allegations contained in paragraph 25, except lacks knowledge or information sufficient to form a belief as to whether the Hotel has refused to recognize and bargain with the Union.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

RESPONSE TO SECOND THIRD PARTY CLAIM FOR RELIEF

28. Repeats and realleges the responses to the allegations contained in paragraphs "1" through "27" as if set forth herein.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

## AFFIRMATIVE DEFENSE

32. United is not a signatory to any agreement with the Trades Council and is not bound by any of the awards that are the subject of this action.

WHEREFORE, The Third Party Defendant requests that the Third Party Complaint be dismissed in its entirety, and that this Court render such other and further relief as it deems to be necessary and proper.

Dated: New York, New York
December 5, 2007

Respectfully submitted,

*[signature]*

STEPHEN H. WEINER
(SHW 7944)
Attorney for Third Party Defendant United Staffing Group, LLC
575 Lexington Avenue, Suite 2840
New York, New York 10022
(212) 566-4669

To: Pitta & Dreier LLP
   Attorneys for Respondent/Third Party
      Plaintiff New York Hotel and Motel Trades Council,
      AFL-CIO
   499 Park Avenue
   New York, New York 10022
   (212) 652-3890

   Robert G. Brody, Esq.
   Brody and Associates, LLC
   Attorneys for Petitioner
   67 Wall Street, Suite 2211
   New York, New York 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

522 W. 38th St. NY LLC d/b/a BEST WESTERN
CONVENTION CENTER,

    Petitioner,

-against-                                    Case No. 07-Civ-8230 (JER)

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO,             CERTIFICATE OF SERVICE

    Third Party Plaintiff,

-against-

UNITED STAFFING GROUP, LLC,

    Third Party Defendant.
------------------------------------------------------------------X

    I, STEPHEN H. WEINER, attorney for the Plaintiff Capitol Health Management Corporation

hereby certify under penalty of perjury that:

    On December 5, 2007, I served true and correct copies of the ANSWER OF THIRD PARTY DEFENDANT UNITED STAFFING GROUP, LLC, by First Class Mail, in envelopes bearing sufficient postage and on all of the appearing parties addressed as follows (and by fax as indicated):

fax 212-652-3891
Barry N. Saltzman, Esq.
Pitta & Dreier LLP
499 Park Avenue
New York, New York 10022

fax 203-965-0569
Robert G. Brody, Esq.
Brody and Associates, LLC
67 Wall Street, Suite 2211
New York, New York 10005

and placing the envelope in a depository under the sole custody of the U.S. Postal service office in New York County.

Dated: December 5, 2007
       New York, New York

By: _____
Stephen H. Weiner (SHW 7944)
Law Office of Stephen H. Weiner
Attorney for Plaintiff
575 Lexington Avenue, Suite 2840
New York, New York 10022
(212) 566-4669